## FOX FILM CORP. *v.* DOYAL ET AL.

No. 118. Argued January 12, 1932. Reargued March 15, 16, 1932.— Decided May 16, 1932.

124

*Messrs. Wm. A. Sutherland* and *Joseph B. Brennan,* with whom *Mr. Benjamin P. DeWitt* was on the brief, for appellant.

126

*Mr. Orville A. Park,* with whom *Messrs. George M. Napier,* Attorney General of Georgia, and *J. A. Smith* were on the brief, for appellees.

Mr. Chief Justice Hughes delivered the opinion of the Court.

Appellant, a New York corporation which is engaged within the State of Georgia in the business of licensing copyrighted motion pictures, brought this suit to restrain the collection of the state tax upon the gross receipts of royalties under such licenses. The tax was challenged upon the ground that copyrights are instrumentalities of the United States. On demurrer, the suit was dismissed, and the Supreme Court of the State, the Justices being equally divided in opinion, affirmed the judgment. 172 Ga. 403; 157 S. E. 664. The case comes here on appeal.

The Gross Receipts Tax Act (Georgia Laws, 1929, p. 103), describes the tax as laid " upon the privilege of engaging in certain occupations " and " upon certain business and commercial transactions and enterprises." As the tax is measured by gross receipts, the case is not ruled by *Educational Films Corp.* v. *Ward,* 282 U. S. 379, where the tax was based upon the net income of the corporation. Appellant insists, and we think rightly, that the operation of the statute here in question, in its application to gross receipts, is to impose a direct charge upon the royalties. *Northwestern Mutual Life Ins. Co.* v. *Wisconsin,* 275 U. S. 136, 141. See, also, *Crew Levick Co.* v. *Pennsylvania,* 245 U. S. 292, 297; *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321, 328, 329; *New Jersey Bell Telephone Co.* v. *State Board,* 280 U. S. 338, 346. The question is thus presented whether copyrights are to be

deemed instrumentalities of the Federal Government and hence immune from state taxation.

The Constitution empowers the Congress " To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." Art. I, § 8, par. 8. The production to which the protection of copyright may be accorded is the property of the author and not of the United States. But the copyright is the creature of the Federal statute passed in the exercise of the power vested in the Congress. As this Court has repeatedly said, the Congress did not sanction an existing right but created a new one. *Wheaton* v. *Peters,* 8 Pet. 591, 661; *American Tobacco Co.* v. *Werckmeister,* 207 U. S. 284, 291; *Globe Newspaper Co.* v. *Walker,* 210 U. S. 356, 362; *Caliga* v. *Inter Ocean Newspaper Co.,* 215 U. S. 182, 188. The statute confers upon the author after publication the exclusive right for a limited period to multiply and vend copies and to engage in the other activities described by the statute in relation to the subject matter. U. S. C., Tit. 17. In creating this right, the Congress did not reserve to the United States any interest in the production itself, or in the copyright, or in the profits that may be derived from its use. Nor did the Congress provide that the right, or the gains from its exercise, should be free of tax. The owner of the copyright, if he pleases, may refrain from vending or licensing and content himself with simply exercising the right to exclude others from using his property. Compare *Continental Paper Bag Co.* v. *Eastern Paper Bag Co.,* 210 U. S. 405, 422, 424. The sole interest of the United States and the primary object in conferring the monopoly lie in the general benefits derived by the public from the labors of authors. A copyright, like a patent, is " at once the equivalent given by the public for benefits bestowed by the genius and meditations and skill of individuals and the incentive to

further efforts for the same important objects." *Kendall* v. *Winsor,* 21 How. 322, 327, 328; *Grant* v. *Raymond,* 6 Pet. 218, 241, 242.

The principle of the immunity from state taxation of instrumentalities of the Federal Government, and of the corresponding immunity of state instrumentalities from Federal taxation—essential to the maintenance of our dual system—has its inherent limitations. It is aimed at the protection of the operations of government (*McCulloch* v. *Maryland,* 4 Wheat. 316, 436), and the immunity does not extend " to anything lying outside or beyond governmental functions and their exertions." *Indian Motocycle Co.* v. *United States,* 283 U. S. 570, 576, 579. Where the immunity exists, it is absolute, resting upon an " entire absence of power " (*Johnson* v. *Maryland,* 254 U. S. 51, 55, 56), but it does not exist " where no direct burden is laid upon the governmental instrumentality, and there is only a remote, if any, influence upon the exercise of the functions of government." *Willcuts* v. *Bunn,* 282 U. S. 216, 225.

In this instance, the mere fact that a copyright is property derived from a grant by the United States is insufficient to support the claim of exemption. Nor does the fact that the grant is made in furtherance of a governmental policy of the United States, and because of the benefits which are deemed to accrue to the public in the execution of that policy, furnish ground for immunity. The disposition by the Government of public lands, in order to advance the general interest by promoting settlement, illustrates the principle and its limitation. The property of the United States is not subject to state taxation (*Van Brocklin* v. *Tennessee,* 117 U. S. 151), but the property of individual owners, although derived from the United States under its public land laws, may be taxed. The power to tax exists as soon as the ownership is changed. *Witherspoon* v. *Duncan,* 4 Wall. 210, 219.

Though the legal title remains in the Government, if the proceedings have reached the point where nothing more remains to be done by the entryman and the Government no longer has any beneficial interest in the land and does not exclude the entryman from the use of it, he is regarded as the beneficial owner and the land as subject to taxation. *Bothwell* v. *Bingham County*, 237 U. S. 642, 647.[1] Again, the possessory right of a qualified locator after discovery of minerals is a property right in the full sense, unaffected by the fact that the paramount title to the land is in the United States, and such interest from early times has been held to be vendible, inheritable, and taxable. *Forbes* v. *Gracey*, 94 U. S. 762, 766, 767; *Elder* v. *Wood*, 208 U. S. 226, 232; *Union Oil Co.* v. *Smith*, 249 U. S. 337, 349; *Irwin* v. *Wright*, 258 U. S. 219, 231.[2] It is thus apparent that the mere fact that a property right is created by statute to fulfil a governmental purpose does not make it nontaxable when it is held in private ownership and exercised for private advantage. See *Susquehanna Power Co.* v. *State Tax Commission (No. 1)*, 283 U. S. 291, 297.

---

[1] See, also, *Carroll* v. *Safford*, 3 How. 441, 461; *Tucker* v. *Ferguson*, 22 Wall. 527, 572; *Wisconsin Railroad Co.* v. *Price County*, 133 U. S. 496, 505; *Irwin* v. *Wright*, 258 U. S. 219, 228, 229; *New Brunswick* v. *United States*, 276 U. S. 547, 556; *Exchange Trust Co.* v. *Drainage District*, 278 U. S. 421, 425; *Group No. 1 Oil Corp.* v. *Bass*, 283 U. S. 279, 282.

[2] Even the reservation to the United States, in its grant of property, of a right of user for particular governmental purposes does not necessarily withdraw the property granted from the taxing power of the State. *Baltimore Shipbuilding Co.* v. *Baltimore*, 195 U. S. 375. Property in private ownership is not rendered non-taxable by the mere fact that it is the property of an agent of the Government and is used in the conduct of the agent's operations and is necessary for the agency, when Congress has not provided for its exemption. *Railroad Co.* v. *Peniston*, 18 Wall. 5, 33; *Central Pacific R. Co.* v. *California*, 162 U. S. 91, 125; *Gromer* v. *Standard Dredging Co.*, 224 U. S. 362, 371; *Choctaw, Oklahoma & Gulf R. Co.* v. *Mackey*, 256 U. S. 531, 537; *Shaw* v. *Oil Corporation*, 276 U. S. 575, 581.

We are of the opinion that no controlling distinction can be based, in the case of copyrights, upon the character of the right granted. The argument that it .is in the nature of a franchise or privilege bestowed by the Government, is met by the fact that it is not a franchise or privilege to be exercised on behalf of the Government or in performing a function of the Government. The 'mining claim' above mentioned, or the possessory right to explore and work a mine under the applicable Federal laws and regulations, may also be regarded as a franchise or privilege, but the Court found the right to be none the less taxable, observing in *Forbes* v. *Gracey, supra,* that " those claims are the subject of bargain and sale and constitute very largely the wealth of the Pacific coast States." Copyright is a right exercised by the owner during the term at his pleasure and exclusively for his own profit and forms the basis for extensive and profitable business enterprises. The advantage to the public is gained merely from the carrying out of the general policy in making such grants and not from any direct interest which the Government has in the use of the property which is the subject of the grants. After the copyright has been granted the Government has no interest in any action under it save the general one that its laws shall be obeyed. Operations of the owner in multiplying copies, in sales, in performances or exhibitions, or in licensing others for such purposes, are manifestly not the operations of the Government. A tax upon the gains derived from such operations is not a tax upon the exertion of any governmental function.

In *Gillespie* v. *Oklahoma,* 257 U. S. 501, the question concerned income derived from leases of restricted Indian lands. The leases were deemed to be instrumentalities of the United States in carrying out its duties to the Indians, and the Court, speaking through Mr. Justice Holmes, concluded that the tax imposed by Oklahoma was " a direct

hamper upon the effort of the United States to make the best terms that it can for its wards." *Id.*, p. 506. A similar result was reached in the recent ruling in relation to what was deemed to be the correlative case of leases by Oklahoma of lands held by the State for the support of its schools. *Burnet* v. *Coronado Oil & Gas Company*, 285 U. S. 393. These decisions are not controlling here. The nature and purpose of copyrights place them in a distinct category and we are unable to find any basis for the supposition that a nondiscriminatory tax on royalties hampers in the slightest degree the execution of the policy of the copyright statute.

We agree, however, with the contention that in this aspect royalties from copyrights stand in the same position as royalties from the use of patent rights, and what we have said as to the purposes of the Government in relation to copyrights applies as well, *mutatis mutandis*, to patents which are granted under the same constitutional authority to promote the progress of science and useful arts. The affirmance of the judgment in the instant case cannot be reconciled with the decision in *Long* v. *Rockwood*, 277 U. S. 142, upon which appellant relies, and in view of the conclusions now reached upon a re-examination of the question, that case is definitely overruled.

*Judgment affirmed.*