# DENMAN v. COMMISSIONER OF INTERNAL REVENUE.

## No. 9792.

Circuit Court of Appeals, Eighth Circuit.
Oct. 11, 1934.

Rehearing Denied Nov. 17, 1934.

A. F. Schaetzle and B. J. Flick, both of Des Moines, Iowa (Stiver & Schaetzle, of Des Moines, Iowa, on the brief), for petitioner.

Helen R. Carloss, Sp. Asst. Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Sp. Asst. Atty. Gen., and Walter L. Barlow, Sp. Asst. Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is an appeal from orders of redetermination of the Board of Tax Appeals, affirming the rulings of the Commissioner of Internal Revenue, and deciding that there were deficiencies in income taxes for the years 1925, 1926, and 1927. The amounts are not in controversy. Decedent, during these years, was employed as manager of the waterworks system of the city of Des Moines, Iowa, and the only question presented is whether his salary as such manager is exempt from payment of federal income tax. The original petitioner, now deceased, was first employed as general manager of the Des Moines Water Company in 1892, before the city bought the plant. The purchase was made in 1919, and decedent was retained in the same position by the city under the board of waterworks trustees. His salary was $8,000 per annum during the years in question. The municipal Des Moines waterworks was organized under Acts of the General Assembly of the state of Iowa, providing for a board of waterworks trustees to be appointed by the city council, such board having power to appoint the general manager, treasurer, and accountants. Decedent's compensation was paid by the city through the board of waterworks trustees. The municipal waterworks supplies all the water used by the city for all purposes, and by private consumers. About 40 per cent. of the water furnished is used by the city. The board was empowered to determine the rates to private consumers and to the city, and the latter was authorized to levy a tax sufficient to pay for the water used by it for public purposes. Any surplus remaining after payment of operation expenses, interest of the debt of the plant, depreciation, and sinking fund for the payment of purchase bonds might be used for the improvement, extension, and betterment of the waterworks. So far as appears from the record, decedent's duties and services, and the conduct of the enterprise, were substantially the same after the purchase by the city as they were before.

The claim of the petitioner is that an employee of a water company owned and operated by a municipality is engaged in the exercise of an essential governmental function and that his salary is exempt from the payment of federal income tax. The question is not a new one in this circuit, and the controlling principle, now firmly established, is that only the instrumentalities, means, and operations, whereby the states exert the governmental powers belonging to them, are exempt from taxation by the United States.

In Illinois Trust & Savings Bank v. City of Arkansas City, 76 F. 271, 282, 34 L. R. A. 518, this court stated the distinction between the governmental or public, and the proprietary or business, powers of a municipality, a subdivision of a state. Judge Walter H. Sanborn, speaking for the court, said:

"A city has two classes of powers,—the one legislative, public, governmental, in the exercise of which it is a sovereignty and gov-

erns its people; the other, proprietary, quasi private, conferred upon it, not for the purpose of governing its people, but for the private advantage of the inhabitants of the city and of the city itself as a legal personality."

The same principle was reiterated in Pikes Peak Power Co. v. City of Colorado Springs (C. C. A. 8) 105 F. 1, 10. In Omaha Water Company v. City of Omaha, 147 F. 1, 12 L. R. A. (N. S.) 736, 8 Ann. Cas. 614, this court was still more explicit. It held that:

"Municipal corporations have two classes of powers, the one governmental, in the exercise of which their officers may not bind the municipalities beyond their terms of office, the other business or proprietary, in the exercise of which they are governed by the same rules as individuals or private corporations.

"A city exercises its business or proprietary power in purchasing waterworks or contracting for their construction or operation."

In City of Winona v. Botzet (C. C. A. 8) 169 F. 321, 23 L. R. A. (N. S.) 204, the distinction between the two classes of powers of municipalities is again expressly stated.

In Blair v. Byers, 35 F.(2d) 326, this court had before it this same municipality-owned waterworks system. An attorney, seeking to be declared an employee of the system, claimed immunity from federal taxation. It was held that he was not such an employee, but the court properly had occasion and jurisdiction to consider the merits of the contention from all angles. We held that the building and operation of a waterworks system by a municipality constitutes the exercise of a proprietary, rather than a governmental, function. In support of this holding we cited the decision of the Supreme Court in Flint v. Stone Tracy Co., 220 U. S. 107, 172, 31 S. Ct. 342, 357, 55 L. Ed. 389, Ann. Cas. 1912B, 1312, that "it is no part of the essential governmental functions of a state to provide means of transportation, supply artificial light, water, and the like." It was pointed out that these objects are often accomplished through the medium of private corporations. The means and instrumentalities employed in carrying on the governmental operations of a state, which the cases unite in exempting from taxation, are of a nature such as the establishment of a judiciary to administer justice through the courts, and the employment of all necessary agencies for legitimate purposes of state government. Collector v. Day, 11 Wall. 113, 20 L. Ed. 122. But in Flint v. Stone Tracy Co., supra, it was held that the rule to be deduced from the previous cases of the court is that "the exemption of state agencies and instrumentalities from national taxation was limited to those of a strictly governmental character, and did not extend to those used by the state in carrying on business of a private character."

To this distinction the Supreme Court of the United States has consistently adhered. State of South Carolina v. United States, 199 U. S. 437, 461, 26 S. Ct. 110, 50 L. Ed. 261, 4 Ann. Cas. 737; Metcalf & Eddy v. Mitchell, 269 U. S. 514, 523, 46 S. Ct. 172, 70 L. Ed. 384; Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304, 71 A. L. R. 1260; Fox Film Corporation v. Doyal, 286 U. S. 123, 128, 52 S. Ct. 546, 76 L. Ed. 1010; Burnet v. A. T. Jergins Trust, 288 U. S. 508, 516, 53 S. Ct. 439, 77 L. Ed. 925; Board of Trustees v. United States, 289 U. S. 48, 59, 53 S. Ct. 509, 77 L. Ed. 1025; State of Ohio v. Helvering, 292 U. S. 360, 54 S. Ct. 725, 78 L. Ed. 1307, decided May 21, 1934.

It is true, as stated in Metcalf & Eddy v. Mitchell, supra, and as quoted in Burnet v. Coronado Oil & Gas Company, 285 U. S. 393, 399, 52 S. Ct. 443, 444, 76 L. Ed. 815, that:

"Just what instrumentalities of either a state or the federal government are exempt from taxation by the other cannot be stated in terms of universal application. But this court has repeatedly held that those agencies through which either government immediately and directly exercises its sovereign powers, are immune from the taxing power of the other."

And the courts, in their desire to preserve unburdened the right of the states to administer their governmental affairs within their own sphere, have exercised extreme caution in drawing the line "which separates those activities having some relation to government, which are nevertheless subject to taxation, from those which are immune." Metcalf & Eddy v. Mitchell, supra, 269 U. S. loc. cit. 523, 46 S. Ct. 172, 174, 70 L. Ed. 384. Compare, upon this point, State of South Carolina v. United States, supra, and Ambrosini v. United States, 187 U. S. 1, 23 S. Ct. 1, 47 L. Ed. 49. But in substantially all cases, whatever the decision, care has been taken to restate the principle that the limitation upon the taxing power of the government applies only to such instru-

mentalities, means, and operations whereby the states exert their strict governmental powers, and it is uniformly held that, to entitle the state to immunity, the federal taxes levied must not be in their bearing so indirect or remote as to place them outside this established principle. Indian Motocycle Co. v. United States, 283 U. S. 570, 51 S. Ct. 601, 75 L. Ed. 1277; Willcuts v. Bunn, 282 U. S. 216, 225, 51 S. Ct. 125, 75 L. Ed. 304, 71 A. L. R. 1260; Trinity-farm Construction Co. v. Grosjean, 291 U. S. 466, 54 S. Ct. 469, 78 L. Ed. 918. The question before us seems to be very well answered by the language of Chief Justice Hughes in Fox Film Corporation v. Doyal, supra, loc. cit. 128 of 286 U. S., 52 S. Ct. 546, 547:

"The principle of the immunity from state taxation of instrumentalities of the federal government, and of the corresponding immunity of state instrumentalities from federal taxation—essential to the maintenance of our dual system— has its inherent limitations. It is aimed at the protection of the operations of government (McCulloch v. Maryland, 4 Wheat. 316, 436, 4 L. Ed. 579), and the immunity does not extend 'to anything lying outside or beyond governmental functions and their exertion' (Indian Motocycle Co. v. United States, 283 U. S. 570, 576, 579, 51 S. Ct. 601, 603, 75 L. Ed. 1277). Where the immunity exists, it is absolute, resting upon an 'entire absence of power' (Johnson v. Maryland, 254 U. S. 51, 55, 56, 41 S. Ct. 16, 65 L. Ed. 126), but it does not exist 'where no direct burden is laid upon the governmental instrumentality, and there is only a remote, if any, influence upon the exercise of the functions of government' (Willcuts v. Bunn, 282 U. S. 216, 225, 51 S. Ct. 125, 127, 75 L. Ed. 304 [71 A. L. R. 1260])."

The danger which would menace the revenues of the United States, if the immunity from federal taxation here claimed should be indulged, is thus well stated by Justice Brewer in State of South Carolina v. United States, supra, loc. cit. 455 of 199 U. S., 26 S. Ct. 110, 114:

"Obviously, if the power of the state is carried to the extent suggested, and with it is relief from all Federal taxation, the national government would be largely crippled in its revenues. Indeed, if all the states should concur in exercising their powers to the full extent, it would be almost impossible for the nation to collect any revenues. In other words, in this indirect way it would be within the competency of the states to practically destroy the efficiency of the national government."

A like warning has issued from this court in State of North Dakota v. Olson, 33 F.(2d) 848.

Our attention has been directed to the decision of the District Court for the Eastern District of Michigan in Frey v. Woodworth, 2 F.(2d) 725, which holds that a city operating a street railway is engaged in a governmental function, and that the employees thereof are not subject to federal taxation; and to the decision of the Circuit Court of Appeals for the First Circuit in Powers v. Commissioner, 68 F.(2d) 634. An examination of the facts stated in the opinions, and the bases of the conclusions reached, suggests that those cases may be readily distinguished from the case at bar. But if it be insisted that those conclusions should be deemed applicable to the facts of the instant case, we must respectfully reject them as in conflict, not only with the uniform holdings in this circuit, but also with the principles established by the Supreme Court of the United States.

It follows that the orders of the Board of Tax Appeals are affirmed.