SUSAN H. MATHEWS, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF W. B. MATHEWS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43208. Promulgated December 11, 1935.

*W. H. Wadsworth, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

### OPINION.

BLACK: This proceeding involves the redetermination of the following deficiencies in income tax:

| | |
|---|---|
| 1924 | $85.17 |
| 1925 | 221.71 |
| 1926 | 114.80 |
| 1927 | 673.42 |

The petitioner assigns as error the inclusion in his distributive shares of the income of certain partnerships of which he was a member certain amounts received by him which he asserts were exempt from income tax.

The facts were stipulated and are adopted as our findings of fact. Only so much thereof will be stated here as seems necessary to a proper understanding of this opinion.

The petitioner, W. B. Mathews, was an individual who resided in Los Angeles, California, during the taxable years and died on December 9, 1931. His executrix has been substituted in his stead. In *W. B. Mathews*, 13 B. T. A. 1133, the Board passed upon the tax liability of this same taxpayer for the year 1923. The first part of the stipulation filed herein is almost a literal copy of the findings of fact in that proceeding, the only exceptions being years and dates. The petitioner served during all the years before us under the agreement of August 4, 1922. The remaining part of the stipulation not found in *W. B. Mathews*, *supra*, is as follows:

During the taxable years the petitioner was a member of the law partnerships designated as Bordwell and Mathews, Bordwell, Mathews and Wadsworth #1 and Bordwell, Mathews and Wadsworth #2. The partnership of Bordwell and Mathews was formed on January 1, 1914, and consisted of Walter Bordwell and W. B. Mathews, and the partnership of Bordwell, Mathews and Wadsworth #1 was formed on January 1, 1925, and consisted of Walter Bordwell, W. B. Mathews and W. H. Wadsworth, and the partnership of Bordwell, Mathews and Wadsworth #2 was formed on September 23, 1926, and consisted of Walter Bordwell, W. B. Mathews and W. H. Wadsworth.

Walter Bordwell died on the 23rd day of September, 1926. There was no written or oral agreement for the continuation of the partnerships of Bordwell and Mathews and Bordwell, Mathews and Wadsworth #1, and the partnerships were dissolved immediately upon the death of Walter Bordwell. All of said partnerships were formed to engage in the practice of law, and all compensation from any source whatsoever individually received by the members of the partnership for legal services rendered was income of said firms.

Of the said salary of the petitioner, W. B. Mathews, the Bureau included as income of the firm of Bordwell and Mathews, $12,000.00 for 1924, of which his distributive share was 50% and the distributive share of Walter Bordwell 50%; as income of the firm of Bordwell, Mathews and Wadsworth #1, $12,000.00 for 1925, of which petitioner, W. B. Matthews' distributive share was 40%, Walter Bordwell's distributive share 40% and W. H. Wadsworth's distributive share 20%; as income of the firm of Bordwell, Mathews and Wadsworth #1, $10,000.00 for 1926, of which petitioner, W. B. Mathews' distributive share was 40%, Walter Bordwell's distributive share 40% and W. H. Wadsworth's distributive share 20%; as income of the firm of Bordwell, Mathews and Wadsworth #2, $2,000.00 for 1926, of which petitioner, W. B. Mathews' distributive share was 60% and W. H. Wadsworth's distributive share was 40%; and $12,000.00 for 1927, of which petitioner, W. B. Mathews' distributive share was 60% for the first nine months and 55% for the remaining three months of that year, and W. H. Wadsworth's distributive share was 40% for the first nine months and 45% for the remaining three months of that year. The Bureau included W. B. Mathews' distributive share, as indicated above, as income from partnerships

as shown in the income notice. The petitioner, W. B. Mathews, included no part of said salary in his returns. The same state of facts is true as to Walter Bordwell for the taxable years and also as to W. H. Wadsworth for the year 1927.

During the taxable years petitioner gave no bond and took no oath of office.

During the taxable years the partnership of which petitioner, W. B. Mathews, was a member, received compensation for services rendered from municipal corporations of the State of California for the preparation of bond proceedings and rendition of opinions covering the validity of municipal bonds, as follows:

(a) 1924—Bordwell and Mathews

| | |
|---|---:|
| City of Long Beach | $2,025.00 |
| City of Santa Barbara | 250.00 |
| City of Inglewood | 75.00 |
| City of El Segundo | 150.00 |
| City of Whittier | 187.50 |
| | $2,687.50 |

(b) 1925—Bordwell, Mathews and Wadsworth #1

| | |
|---|---:|
| City of Long Beach | $250.00 |
| East Bay Municipal Utility District | 250.00 |
| | $500.00 |

(c) 1926—Bordwell, Mathews and Wadsworth #1

| | |
|---|---:|
| City of Long Beach | $350.00 |

(d) 1927—Bordwell, Mathews and Wadsworth #2

| | |
|---|---:|
| City of Long Beach | $1,325.00 |

In the deficiency notice there was included as income from partnerships his distributive share of the amounts set forth above on the basis shown on pages 11 and 12. The petitioner included no part of said fees as income in his return.

The cities of Long Beach, Santa Barbara, Inglewood, El Segundo, Whittier and the East Bay Municipal Utility District, are municipal corporations of the State of California.

It is further stipulated and agreed that the City of Los Angeles, California, during the taxable years, was a city of a population of several hundred thousand resident inhabitants; that during said taxable years, said City of Los Angeles maintained and operated a municipal sewerage system for the disposal of sewage from said city into the Pacific Ocean; that during said taxable years said City of Los Angeles maintained and operated a municipal fire department for the combating and preventing of fires within said city; that said City of Los Angeles during all the taxable years, maintained a system of public streets and highways.

The petitioner asserts that the income which he derived from his contract of August 4, 1922, with the Board of Public Service Commissioners for the City of Los Angeles, herein referred to as the board, is exempt from income tax, and that this exemption followed it as it passed through the several partnership firms to the members thereof. He makes the same contention with reference to the amounts received by the firms of which he was a member from the cities of Long Beach, Santa Barbara, Inglewood, Whittier, and El Segundo, and from the East Bay Municipal Utility District.

Whether petitioner's compensation as attorney for the board for the year 1924 is exempt depends solely on whether he was during that year an officer or employee of a political subdivision of the State of California, irrespective of what function the board performed during that year. Section 1211 of the Revenue Act of 1926 governs. This section reads as follows:

Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

It seems clear that the city of Los Angeles is a political subdivision of the State of California and that petitioner was not an officer. The primary question is whether petitioner was during the years before us an employee of the Department of Public Service and therefore an employee of the City of Los Angeles. The question whether the compensation of the petitioner for the year 1923 was exempt was decided in *W. B. Mathews, supra.* In our opinion in that case, after quoting from *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, we said:

The facts in the instant case are substantially different from those in *Metcalf & Eddy* case, *supra*. Here the services rendered by the petitioner for the Department of Public Service were at all times subject to the control of the Board of Public Commissioners and the City Attorney. The latter's name appeared on all the pleadings filed by the petitioner on behalf of the city and its subdivisions. The petitioner's employment was continuous and his compensation was on a definite monthly basis. He devoted practically no time to other matters. His office space, supplies and necessary help were all furnished him by the city. * * *

We there held that the petitioner was an employee of a political subdivision of the State of California. We think our former opinion is correct. With respect to his outside legal activities, it is stipulated: " During the taxable years, the petitioner devoted at least 90 to 95 per cent of his time to the fulfillment of his duties as special counsel. While he had connection with a private law firm, he gave practically no attention to it. He visited his private law office infrequently and would be away from it sometimes for several months, although he might be in the City of Los Angeles all during that time." It would be unreasonable to hold that this slight outside service converted one who was in fact an employee into something else. We hold that during the years before us he was an employee of the Board of Public Service of the City of Los Angeles, California. *G. Ridgely Sappington*, 25 B. T. A. 1385; *Robert P. Bay*, 28 B. T. A.

1169. This being the case, his compensation for the year 1924 is not subject to Federal income tax under section 1211 of the Revenue Act of 1926 (applicable to 1924 and prior years).

When we come to consider whether petitioner's compensation is exempt for the years 1925, 1926, and 1927, we are confronted by an entirely different situation. *Leland Powers, Executor*, 26 B. T. A. 1381, affirmed by the Supreme Court, 293 U. S. 214. Section 1211 is no longer applicable. In the absence of any statutory provision exempting the compensation of employees of a political subdivision of a state for the years 1925, 1926, and 1927, we must look to the decisions of the courts. In *Fox Film Corporation* v. *Doyal*, 286 U. S. 123, the Supreme Court said:

The principle of immunity from state taxation of instrumentalities of the Federal Government, and of the corresponding immunity of state instrumentalities from Federal taxation—essential to the maintenance of our dual system—has its inherent limitations. It is aimed at the protection of the operations of government (*McCulloch* v. *Maryland*, 4 Wheat. 316, 436), and the immunity does not extend "to anything lying outside or beyond governmental functions and their exertions." *Indian Motocycle Co.* v. *United States*, 283 U. S. 570, 576, 579. Where the immunity exists, it is absolute, resting upon an "entire absence of power" (*Johnson* v. *Maryland*, 254 U. S. 51, 55, 56) but it does not exist "where no direct burden is laid upon the governmental instrumentality, and there is only a remote, if any, influence upon the exercise of the functions of government." *Willcuts* v. *Bunn*, 282 U. S. 216, 225.

The petitioner, as an employee of the Department of Public Service, served the board in connection with its function of furnishing the city of Los Angeles and its inhabitants with water and electric current. It is insisted that taking into consideration the size and the necessities of that city, a function which elsewhere may be properly termed proprietary, becomes governmental when exercised by that city. To this we are unable to agree.

We have had occasion to consider the question whether a municipality in furnishing water to its inhabitants was exercising a governmental function and have held that it was not. *C. S. Denman*, 27 B. T. A. 256; *Edward J. Miller*, 28 B. T. A. 229; *Citizens Water Works, Inc.*, 33 B. T. A. 201. It may be pointed out that the Supreme Court of California follows the general trend of decisions, holding that the furnishing of water to a city is proprietary and not governmental in its nature. *Davoust* v. *City of Alameda*, 149 Cal. 69; 84 Pac. 760; *Marin Water & Power Co.* v. *Town of Sausalito*, 168 Cal. 587; 143 Pac. 767; *City of South Pasadena* v. *Pasadena Land & Water Co.*, 152 Cal. 579; 93 Pac. 490; *In re Bonds of Orosi Public Utility District*, 196 Cal. 43; 235 Pac. 1004. The same rule, we think, applies to the furnishing of electric current. Cf. *Helvering* v. *Powers*, 293 U. S. 214. In *Los Angeles Gas & Electric Co.* v. *City of Los*

*Angeles*, 241 Fed. 912, the question was whether the city could remove the poles of a private company and install those of the city owned system. It was argued that the lighting of the streets was necessary from a police standpoint, in fact an exercise of the police power. The court held against such contention. This case was affirmed in *Los Angeles* v. *Los Angeles Gas & Electric Corporation*, 251 U. S. 32, where the Supreme Court, among other things, said:

The court reasoned and concluded that what the city did was done not in its governmental capacity—an exertion of the police power—but in its " proprietary or quasi-private capacity " and that therefore the city was subordinate in right to the corporation, the latter being an earlier and lawful occupant of the field. The difference in the capacities is recognized and the difference in attendant powers pointed out in decisions of this court. *Vilas* v. *Manila*, 220 U. S. 345; *Russell* v. *Sebastian*, 233 U. S. 195; *South Carolina* v. *United States*, 199 U. S. 437; *New Orleans Gas Co.* v. *Drainage Commission*, 197 U. S. 453; *Vicksburg* v. *Vicksburg Waterworks Co.*, 206 U. S. 496, 508.

These cases, we think, dispose of the claim that exemption arises from the fact that a part of the electric current and water was used for street lighting and for other municipal purposes.

In *Helvering* v. *Powers, supra*, the Supreme Court said:

If the business itself, by reason of its character, is not immune, although undertaken by the state, from a federal excise tax upon its operations, upon what ground can it be said that the compensation of those who conduct the enterprise for the state is exempt from a federal income tax? Their compensation, whether paid out of the returns from the business or otherwise, can have no quality, so far as the federal taxing power is concerned superior to that of the enterprise in which the compensated service is rendered.

We conclude that the Congress had the constitutional authority to lay the tax.

On the strength of these cited authorities, we think that none of the compensation received by petitioner's decedent as an employee of the Board of Public Service of the City of Los Angeles for the years 1925, 1926, and 1927 was immune from taxation.

We have been given no information as to what relation the firms of which the petitioner was a member bore to the cities of Long Beach, Inglewood, Santa Barbara, El Segundo, and Whittier, and to the East Bay Municipal Utility District. Certainly the members of the respective firms were not officers of these several municipalities or any of them and the stipulation discloses no sufficient facts to justify us in holding that the respective firms were employees of the several municipalities named or any of them. The respondent is affirmed in including in petitioner's taxable income the amount which he received from these cities. Cf. *E. A. Simpson*, 28 B. T. A. 556; *Register* v. *Commissioner*, 69 Fed. (2d) 607.

Petitioner is only contending that $6,000 of the $12,000 salary received by W. B. Mathews from the Department of Public Service

688

of the City of Los Angeles in 1924 is exempt from taxation to petitioner's decedent. This fact is shown by assignment of error (b) in the petition, which reads as follows:

(b) The failure of the respondent to find that $6,000 of income received through the partnership of Bordwell & Mathews, and reported by petitioner in the return filed for the calendar year 1924, was in fact income not subject to the income tax, and the failure of respondent to eliminate such $6,000 from taxable income.

It appears that the Commissioner has included the other $6,000 of the $12,000 salary received by W. B. Mathews, in the income tax return of Walter Bordwell, a member of the partnership of Bordwell & Mathews, and the correctness of his action in so doing is before us in another proceeding, Docket No. 42919, Security Trust & Savings Bank and Mary E. Bordwell as coexecutors of the estate of Walter Bordwell, deceased. The latter proceeding has not been consolidated with the instant case and will, therefore, be decided separately.

Under the facts stipulated and the authorities above cited, we sustain petitioner's assignment of error (b) and hold that the $6,000 in question was exempt from taxation under section 1211, Revenue Act of 1926.

Having determined that the petitioner's salary for the years 1925, 1926, and 1927 was taxable, the Commissioner is affirmed as to those years.

Reviewed by the Board.

*Decision will be entered under Rule 50.*