## BRUSH v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 246.

Circuit Court of Appeals, Second Circuit.
July 13, 1936.

*Writ of certiorari granted 57 S. Ct. 190, 81 L. Ed. —.

Cotton, Franklin, Wright & Gordon, of New York City (Boykin C. Wright and Charles C. Parlin, both of New York City, of counsel), for petitioner.

Frank J. Wideman and Robert H. Jackson, Asst. Attys. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., for respondent.

John J. Bennett, Jr., Atty. Gen., of State of New York, Henry Epstein, Sol. Gen., of State of New York, of Albany, N. Y., and Paul Windels, Corp. Counsel, of New York City (Julius Henry Cohen and Austin J. Tobin, both of New York City, on the brief), filed a brief as amici curiæ.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The deficiency in controversy was created by including in the 1931 taxable income of the petitioner the salary he received in that year from the city of New York as compensation for his services as the chief engineer of its Bureau of Water Supply. It was taxed in supposed compliance with the provisions of section 22 of the Revenue Act of 1928 (45 Stat. 791 [26 U.S.C.A. § 22 and note]), defining "gross income" to include "gains, profits, and income derived from salaries, wages, or compensation for personal service, of what-

ever kind and in whatever form paid," and T.R. 74 Art. 643, which recognizes the immunity from federal taxation of the compensation "paid to its officers and employees by a State or political subdivision thereof for services rendered in connection with the exercise of an essential governmental function of the State or political subdivision * * *."

During 1931, the petitioner was regularly employed, as he had been previously for many years, by the city of New York as the engineer in charge of its Bureau of Water Supply. This was a statutory office for which he had duly qualified. He was paid a fixed salary and was charged in general with the responsibility for supervising the maintenance of an adequate supply of pure and wholesome water for the city of New York and its inhabitants. The water for public and private use in that city for the most part, though not wholly, comes from an enormous system owned by the city which has cost about half a billion dollars and which must be still further enlarged to meet the ever growing demands upon it. Petitioner's duties require him to make surveys, plans, and reports relative to improvements and enlargements of the system as well as to maintain in good condition the reservoirs, mains, and equipment already possessed.

The carrying charges are paid from the general funds of the city into which goes all revenue received from the sale of water to private consumers for household, commercial, or other use. Large annual deficits in operation have been incurred which have been, or are to be, paid out of the general funds of the city. About 25 per cent. of the expenses of operation are properly allocated to the furnishing of water for public service, i. e. fire protection; street cleaning and the like; and the remainder to supplying private consumers with water for which compensation is received and carried into the city's general funds.

The issue presented is whether the supplying of water by the city of New York in kind and quantity sufficient to meet the needs of its inhabitants and itself is such a governmental function that it comes within the implied constitutional immunity from federal taxation which is enjoyed by every state and its political subdivisions.

It is said with much force in support of the petitioner's claim that his salary may not be taxed by the federal government

that the problem of water supply in the city of New York can only be met by the city in the exercise of its governmental power and the use of public money; that the very magnitude of the task makes it essential that the city perform it; and that being so, it has become and is an essential governmental function. It has been shown that the supplying of water in the city was in early times partly done at the expense of the municipality and that the city government has increasingly taken over the work until now only a comparatively negligible amount of the total is privately furnished; but it is not equally clear that private enterprise adequately encouraged could not do it as well. To say that it could not in the light of common knowledge as to modern private achievement in business on a vast scale would seem to deny probability. In any event such an assertion is not adequately supported by evidence in this record.

■■ As recognized in Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L. Ed. 384, there is no way to state in terms of general application just what instrumentalities either of a state or of the nation are exempt from taxation by the other. In a federation like ours where two governments, each supreme in its own sphere, exercise sovereign powers in the same territory, there must be some measure of accommodation to permit each to exist so supreme. Both must raise revenue by taxation, and each must itself be free from taxation by the other. That neither may tax the other was established as long ago as McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579. And that is still a fundamental principle. Helvering v. Powers, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291. See, United States v. State of California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567. Nor where the principle is applicable does it matter that the amount of the proposed tax and the resulting interference with the taxed government is great or small for the immunity is absolute whenever it does exist. Johnson v. Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L.Ed. 126. But the principle itself is limited by that from which it arises, i. e. the need to preserve our dual system of government and does not extend beyond that necessity. Indian Motorcycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277. So where the burden is not direct but only remote it falls within the realm of necessary accommodation and there is no immunity. See Willcuts v. Bunn, 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260; Fox Film Corporation v. Doyal, 286 U.S. 123, 52 S.Ct. 546, 76 L.Ed. 1010.

■■ That the supplying of water by the subdivision of the government of the city of New York from which the petitioner derives the salary which has been taxed is the furnishing to the inhabitants of the city of something indispensable to them cannot be gainsaid. That does not, of course, mean that the city government must do it either to provide the people with water or, what is closer to the issue here, to exist as a municipal subdivision of the government of the state of New York. Quite as necessary to the well-being of the people is an opportunity to purchase an adequate supply of proper food and clothing, yet no one would, we suppose, undertake to maintain that if the city government took over that business it would be engaging in an activity necessary to its existence as a government. More nearly at hand, perhaps, is the supplying of gas and electricity, but when, if at all, that comes about it will hardly be said that governmental existence as such, required it. On the contrary, due regard must be had to distinguish between those activities which, though impressed with a public interest and sometimes, even often, performed by government, are nevertheless done in a proprietary capacity in supplying to the public for a direct charge what it could, and otherwise would, procure from private sources, and those services which have become the usual activities of government because purely governmental power is in some degree essential to their performance. When a state government or one of its subdivisions engages, however rightfully, in something beyond that field, and to which but for that extension the federal taxing power would reach, there is no immunity. Helvering v. Powers, 293 U.S. 214, 225, 55 S.Ct. 171, 79 L.Ed. 291. The test, however phrased, is one of keeping the federal and state governments in a position to be supreme within the scope of their own sovereignty by keeping the taxing power of each from preventing, or substantially interfering with, the exercise by the other of those powers necessary to its supremacy as a government within its own field.

■ Consequently it is not enough to make the petitioner's salary immune from fed-

eral taxation upon constitutional grounds, when it otherwise falls within the taxing statute passed by Congress, that he is engaged in work for which the city pays him and that it is a necessary part of the cost of the performance of a service which has long been provided by the city to its inhabitants either from choice or convenience. That which is a proprietary function of a state government when undertaken, and so not immune from federal taxation, does not change its character because of its continued exercise. Were that not so, every extension of one government into activities over which the taxing power of the other normally extended would to that extent in the course of time curtail the sources of revenue of the other which would be helpless before the encroachment. South Carolina v. United States, 199 U.S. 437, 26 S.Ct. 110, 50 L.Ed. 261, 4 Ann.Cas. 737. The petitioner's work in furtherance of the supply of water by the city of New York as above outlined and for which he has been paid the salary taxed is not, in the light of the foregoing considerations, part of what his employer has to do to perform its necessary functions as a political subdivision of the state of New York. So the salary of the petitioner was not part of the expense attendant upon the exercise of what may be said to be usual governmental powers, Helvering v. Powers supra, or in the doing of what the states have traditionally engaged. United States v. California, supra. On the contrary, the furnishing of water has been classed as nonessential to the exercise of governmental functions. Flint v. Stone Tracy Co., 220 U.S. 107, 172, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Canavan v. City of Mechanicville, 229 N.Y. 473, 128 N.E. 882, 13 A.L.R. 1123; In re Board of Water Com'rs of White Plains, 176 N.Y. 239, 68 N.E. 348; Armstrong & Latta v. Philadelphia, 249 Pa. 39, 94 A. 455, Ann.Cas. 1917B, 1082; Omaha Water Co. v. City of Omaha (C.C.A.) 147 F. 1, 12 L.R.A. (N.S.) 736, 8 Ann.Cas. 614. Being engaged in work which was a part of the proprietary, or business, activities of the city, the petitioner earned a salary which was income to him subject to federal taxation. Denman v. Commissioner (C.C.A.) 73 F. (2d) 193; Blair v. Byers (C.C.A.) 35 F. (2d) 326. Our decision in Commissioner v. Ten Eyck, 76 F.(2d) 515, was controlled by the traditional supervision exercised by government over sea ports and stands apart from the decisive features here.

Affirmed.

*Writ of certiorari granted 57 S. Ct. 109, 81 L. Ed. —.