## BUCK et al. v. HILLSGROVE COUNTRY CLUB, Inc.

No. 543.

District Court, D. Rhode Island.
Jan. 11, 1937.

644

Joshua Bell, of Providence, R. I., for complainants.

Hinckley, Allen, Tillinghast & Wheeler, of Providence, R. I., for respondent.

MAHONEY, District Judge.

The petitioners have brought a bill of complaint against the respondent for alleged infringement of certain copyrights by allegedly giving public performances for profit of certain musical compositions of the petitioners to the injury and damage of the petitioners.

The respondent has filed its answer. In paragraph numbered 38 thereof, it avers that the petitioners are engaged in an unlawful combination in restraint of trade. In paragraph numbered 39, it is set forth that:

"Further answering said bill of complaint, the defendant says that the plaintiffs have a monopoly of the copyrights of the so-called 'popular music'; that the reproduction of such music in the line of business in which the defendant is engaged is essential to financial success; that by reason of said monopoly the plaintiffs are able to, and do in fact, arbitrarily and capriciously, give and withhold the privilege of reproducing such music and arbitrarily fix the charges for such privilege; that the plaintiffs have, within the area from which the defendant draws its customers, given or offered to give to the competitors of the defendant the privilege of reproducing such music upon much more favorable terms than they have been willing to grant the defendant; that before said bill of complaint was filed the defendant offered to pay to the plaintiffs, particularly the plaintiff society, its agents and servants, the same rates the plaintiffs had previously charged 'the defendant's predecessor in the operation of its said business or the same rates charged by the plaintiffs to competitors of the defendant who were similarly situated to it: yet notwithstanding the foregoing and for the purpose of extracting from the defendant an unconscionable and exorbitant rate for the privilege of reproducing such music, the plaintiffs demanded of it a rate more than double that asked the defendant's said predecessor and grossly disproportionate to that charged or offered to the defendant's said competitors similarly situated; that all of this is to the manifest and irreparable injury of the defendant and contrary to equity and good conscience."

Thereupon the petitioners moved for an order striking out said paragraphs numbered 38 and 39 of said answer "on the ground, among others, that the same are insufficient in law and fail to state facts constituting a defense to the causes of action set forth in the complaint and are not responsive to the issues raised in the Bill of Complaint."

The cause came on to be heard on said motion. At the oral argument before the court the respondent agreed that said paragraph numbered 38 be stricken out of said answer. The motion to strike out said paragraph numbered 39 remains.

The respondent in this paragraph of its answer charges that the petitioners "by reason of their monopoly, * * * arbitrarily and capriciously give and withhold the privilege of reproducing such music and arbitrarily fix the charges for such privilege; that the plaintiffs have, within the area from which the defendant draws its customers, given or offered to give to the competitors of the defendant the privilege of reproducing such music upon much more favorable terms than they have been willing to grant the defendant." It stresses both in its oral argument and in its written briefs, that the petitioners have come with "unclean hands" into a court of equity seeking relief.

To determine the force of the motion to strike out reference should properly be made to the Constitution of the United States and the copyright laws which have been enacted thereunder.

Article 1, section 8, clause 8 of the Constitution (Const.U.S.C.A. pt. 1, p. 406)

recites that "The Congress shall have Power $*$ $*$ $*$ To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

In pursuance thereof, the Congress of the United States passed the Copyright Act, § 1 (17 U.S.C.A. § 1) wherein it is set forth that:

"Any person entitled thereto, upon complying with the provisions of this title, shall have the exclusive right: $*$ $*$ $*$

"(e) To perform the copyrighted work publicly for profit if it be a musical composition and for the purpose of public performance for profit."

 It is clear that the rights under the copyright laws are exclusive. To permit this paragraph in respondent's answer to exercise its force and effect is to destroy the exclusiveness given by the Constitution and the laws thereunder to the petitioners' copyright.

In the case entitled Fox Film Corp. v. Doyal, 286 U.S. 123, 52 S.Ct. 546, 547, 76 L.Ed. 1010, it is held that:

"The owner of the copyright, if he pleases, may refrain from vending or licensing and content himself with simply exercising the right to exclude others from using his property. $*$ $*$ $*$ A copyright, like a patent, is 'at once the equivalent given by the public for benefits bestowed by the genius and meditations and skill of individuals, and the incentive to further efforts for the same important objects.' $*$ $*$ $*$

"Copyright is a right exercised by the owner during the term at his pleasure and exclusively for his own profit and forms the basis for extensive and profitable business enterprises. The advantage to the public is gained merely from the carrying out of the general policy in making such grants and not from any direct interest which the government has in the use of the property which is the subject of the grants.".

In Dr. Miles Medical Co. v. Platt (C. C.) 142 F. 606, 610, the court said:

"The right of a patentee, owner of a copyright, or owner of a secret process is merely the right of exclusion or debarment. The holder of such a property right, as said by the court in the Victor Talking Machine Case [(C.C.A.) 123 F. 424], above cited, is a czar in his own domain. He may sell or not, as he chooses. He may fix such prices as he pleases. He may sell at one price to one person, and another to another person. He is not required to give reasons or deal fairly with purchasers."

It does not appear from the answer that there are special equities which operate for the benefit of the respondent.

In the case entitled Rubber Tire Wheel Co. v. Milwaukee Rubber Works Co. (C. C.A.) 154 F. 358, 362, the court said:

"Congress put no limitations, excepting time, upon the monopoly. Courts can create none without legislating. $*$ $*$ $*$ Use of the invention cannot be had except on the inventor's terms. Without paying or doing whatever he exacts, no one can be exempted from his right to exclude."

 There does not appear any unconscionable conduct on the part of the petitioners directly connected with the subject-matter of the suit. Radio Corporation v. Hygrade Sylvania Corporation (D.C.) 10 F.Supp. 879.

The motion to strike out paragraphs numbered 38 and 39 of the respondent's answer is granted.