## LIGGETT & MYERS TOBACCO CO. v. UNITED STATES.*

## COMMONWEALTH OF MASSACHUSETTS v. UNITED STATES.

## LIGGETT & MYERS TOBACCO CO., on Behalf of COMMONWEALTH OF MASSACHUSETTS, v. UNITED STATES.

### Nos. 42107, 42411, 42412.

Court of Claims.
Jan. 6, 1936.

*For amended opinion, see 14 F.Supp. —.

144

Henry F. Long, of Boston, Mass., for plaintiffs.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for defendants.

John J. Bennett, Jr., Atty. Gen. (Wendell P. Brown, of Albany, N. Y., on the brief), amicus curiæ for the State of New York.

A. A. F. Seawell, Atty. Gen., Charles Ross, of Raleigh, N. C., and Edward A. Adams, of Los Angeles, Cal., amici curiæ for the States of North Carolina, South Carolina, and California.

Paul A. Dever, Atty. Gen. (Charles F. Lovejoy, of Boston, Mass., on the brief), for the Commonwealth of Massachusetts.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The three cases above entitled are by agreement submitted together. The facts upon which the issue arises and the issue itself are the same in each case, but only one of the parties plaintiff can in any event recover judgment.

The commonwealth of Massachusetts, a state, owns and operates a public hospital known as the Boston State Hospital. In the course of the treatment of patients in this hospital manufactured tobacco is distributed free of charge. The question involved in the case is whether the federal tax on such tobacco is valid as against the state.

The Revenue Act of 1926 in section 401 (a), 44 Stat. 88, 26 U.S.C.A. § 700 (a), provides: "Upon all tobacco and snuff manufactured in or imported into the United States, and hereafter sold by the manufacturer or importer, or removed for consumption or sale, there shall be levied, collected, and paid * * * a tax of 18 cents per pound, to be paid by the manufacturer or importer thereof."

■ The plaintiffs contend that under this statute the tax is upon the sale of the tobacco, while the defendant, on the contrary, insists that it is upon both the removal and the sale. Both sides argue the question thus presented at length in their respective briefs, but we do not think it is necessary to pass upon it. The basis for plaintiffs' argument on this point is found in the opinions rendered in the cases of Panhandle Oil Co. v. State of Mississippi ex rel. Knox, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857, 56 A.L.R. 583, and Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277. Both of these cases involve the question of how far the national government may go in taxing the agencies or instrumentalities of a state, but there was an important difference between the facts in those cases and the facts of the cases at bar. In both of the cited cases it was clear that the article in connection with which the tax was levied was used in the performance of an essential governmental function. In the Panhandle Oil Case, the gasoline sold was used in operating the Coast Guard fleet and a veterans' hospital; and in the Indian Motocycle Case, the article sold was used by and necessary to the state police force. It is well settled that neither a state nor the nation can impose a tax which directly burdens the other in the exercise of its sovereign powers. Hence the decision in these cases turned on the nature of the tax rather than upon the nature of the governmental operations with which it was claimed the tax interfered and upon which it cast a burden. In the cases now before us it is necessary to determine whether the operations of the State which are alleged to have been burdened by the tax were the exercise of an essential governmental function making use of governmental powers.

■ The manufactured tobacco in connection with which the tax was laid was sold to the state and the state made use of it in its hospital in the treatment of the patients there. Plaintiffs have presented evidence to show that the tobacco was properly used in the hospital treatment of its patients. We think this was unnecessary, and that it would be presumed, in the absence of evidence to the contrary that the tobacco was properly used, that the hospital was a benefit to the people of the state, and that the state had power to engage in its operation. For the purpose of the argument on the point now being discussed, it may be assumed that the tax cast a burden upon the operation of the hospital. But it does not necessarily follow from these matters that the state can purchase tobacco free of tax.

In State of South Carolina v. United States, 199 U.S. 437, 461, 26 S.Ct. 110, 116, 50 L.Ed. 261, 4 Ann.Cas. 737, the prevailing rule was indicated to be: "The exemption of state agencies and instrumentalities from national taxation is limited to those which are of a strictly *governmental* character, and does not extend to those which are used by the state in the carrying on of an ordinary private business." (Italics ours.)

■ By "strictly governmental character" reference is made, as we think, to those operations which embody some kind of control over persons or things which can be exercised only by a sovereign power. In other words, as stated in Metcalf & Eddy v. Mitchell, 269 U.S. 514, 522, 46 S. Ct. 172, 174, 70 L.Ed. 384, while the line cannot be drawn in terms of universal application, the Supreme Court "has repeatedly held that those agencies through which either [State or Federal] government *immediately and directly exercises its sovereign powers,* are immune from the taxing power of the other." (Italics ours.) It follows conversely that, where the government engages in some business in which its sovereign powers are not exercised, its operations are not immune from taxation.

■ We think it obvious that in establishing and maintaining a hospital the state of Massachusetts is not exercising any sovereign power. Individuals or corporations can and do establish hospitals, and it is a matter of common knowledge that they have done this in the state of Massachusetts. The hospital which is conducted by the state may be more beneficial to

its citizens than those which are established by private individuals, but it accomplishes nothing which they could not do if they saw fit, and the powers which are exercised by the state in carrying on the hospital are simply those which belong to every individual who is possessed with the financial means to put them into execution.

The benefits conferred by the action of the state upon its citizens do not determine whether the state is exempt from the burdens of taxation by the federal government. To supply a community with pure water, or artificial light, to relieve the congestion of city streets by transportation, are enterprises that are beneficial to the public, often better performed by the local government than by private concerns, and in some cases not likely to be undertaken by private citizens or corporations. Yet it has been held by the Supreme Court that these matters are not essential governmental functions. The ultimate question in the cases before us must be determined according to the nature of the power exercised, and, if the power be one which does not belong exclusively to the state but is shared in common by individuals generally, the exercise of it does not bring immunity from taxation by the federal government. In the case of Flint v. Stone Tracy Co., 220 U.S. 107, 172, 31 S.Ct. 342, 357, 55 L.Ed. 389, Ann.Cas.1912B, 1312, in which the same question arose, the Supreme Court said: "The true distinction is between the attempted taxation of those operations of the states essential to the execution of its governmental functions, *and which the state can only do itself,* and those activities which are of a private character." (Italics ours.)

And, having made this distinction, it held that the United States could not interfere by taxing the agencies of the state in carrying out the purposes of the first class but that the others were not removed from the field of legitimate taxation.

The operation of the hospital not being essential to the execution of the governmental functions of the state and not one which the state only could carry on, it follows that no immunity from taxation has been established and that the petition in each of the three cases must be dismissed. It is so ordered.