## COOK v. UNITED STATES.

### No. 7106.

District Court, D. Massachusetts.

Jan. 31, 1939.

Stobbs & Stockwell, of Worcester, Mass., for plaintiff.

John A. Canavan, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., and Lyle M. Turner, Sp. Asst. to Atty. Gen., presented case in court (James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Lyle M. Turner, Sp. Assts. to Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

This is an action to recover income taxes, assessed against this petitioner for the years 1934 and 1935, on the ground that they were illegally assessed and collected.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, in accordance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The parties have submitted an agreed stipulation of facts which the Court adopts as its findings of fact. Additional oral evidence was also taken at the trial. The following are the pertinent facts:

The petitioner is a radiologist employed by the Worcester City Hospital on a part time basis. He was in charge of the X-ray department of that institution, receiving as his salary or compensation a fixed annual amount. The taxes sought to be recovered were paid by the taxpayer, and claims for refund, seasonably filed, were denied.

The Worcester City Hospital was established under the provisions of the statutory law of the Commonwealth. Under an authorized ordinance of the City Council of Worcester the hospital was established "for the reception of those persons only who by misfortune or poverty may require relief during temporary sickness." Patients who are unable to pay receive treatment there free. Those patients who are able to pay do so.

Deficiencies in the running expense of the hospital are paid by appropriations from the treasury of the City of Worcester.

There are at least six private hospitals maintained in the City of Worcester and its immediate vicinity. This petitioner serves, as radiologist, at least one of these private hospitals. The petitioner also has a private practice in the City of Worcester.

The question presented is whether the compensation received by the petitioner for services performed for the Worcester City Hospital is exempt from federal taxation under the income tax laws.

The petitioner bases his right to recover the tax on the theory that he is an employee of the Worcester City Hospital which is performing an essential governmental function, and cites as his authority Mallory v. White, D.C., 8 F.Supp. 989; Brush v. Commissioner, 300 U.S. 352, 57 S.Ct. 495, 81 L.Ed. 691, 108 A.L.R. 1428, and Goodale v. Commissioner, 34 B.T.A. 697, in support of his theory.

In both the Mallory and the Goodale Cases referred to in the preceding paragraph, tax immunity was based upon the finding that the employment sought to be taxed was employment in the nature of an essential governmental function. In Mallory v. White, decided November 9, 1934, the Court determined that the underlying test for determining if work being carried on by a municipality is governmental or proprietary in nature is "whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit" [page 992], citing Bolster v. City of Lawrence, 225 Mass. 387, 390, 114 N.E. 722, L.R.A.1917B, 1285.

In Goodale v. Commissioner, supra, the Court discussed the findings of the Court of Claims in Liggett & Myers Tobacco Co. v. United States, 13 F.Supp. 143. There it had been held that tobacco purchased for distribution in a state hospital was subject to a federal tax. The decision in the Liggett Case was affirmed in the Supreme Court, 299 U.S. 383, 57 S.Ct. 239, 81 L.Ed. 294, without deciding whether the Court of Claims was correct in its finding that the State of Massachusetts, in establishing and maintaining the hospital referred to, was not exercising any sovereign power. The decision in the Goodale Case then cited with approval the decision in Mallory v. White, supra, and ruled that the salary of the superintendent of the Buffalo City Hospital was exempt from federal taxation because "this hospital is an instrumentality of a political subdivision of the state, engaged in an essential governmental function."

Later, the Supreme Court in Helvering v. Powers, 293 U.S. 214, 225, 55 S.Ct. 171, 173, 79 L.Ed. 291, stated: "The principle of immunity thus has inherent limitations. Metcalf & Eddy v. Mitchell, supra, 269 U.S. [514] pp. 522–524, 46 S.Ct. 172 [70 L.Ed. 384]; Willcuts v. Bunn, 282 U.S. 216, 225, 226, 51 S.Ct. 125, 75 L. Ed. 304, 71 A.L.R. 1260; Indian Motocycle Co. v. United States, supra, 283 U.S. [570] p. 576, 51 S.Ct. 601 [75 L.Ed. 1277]; Fox Film Corp. v. Doyal, 286 U.S. 123, 128, 52 S.Ct. 546, 76 L.Ed. 1010; Board of Trustees v. United States, 289 U.S. 48, 59, 53 S.Ct. 509, 77 L.Ed. 1025. And one of these limitations is that the state cannot withdraw sources of revenue from the federal taxing power by engaging in businesses which constitute a departure from usual governmental functions and to which, by reason of their nature, the federal taxing power would normally extend. The fact that the state has power to undertake such enterprises, and that they are undertaken for what the state conceives to be the public benefit, does not establish immunity. South Carolina v. United States, 199 U.S. 437, 26 S.Ct. 110, 50 L.Ed. 261, 4 Ann.Cas. 737; Flint v. Stone Tracy Co., 220 U.S. 107, 172, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Murray v. Wilson Distilling Co., 213 U.S. 151, 173, 29 S.Ct. 458, 53 L.Ed. 742; Metcalf & Eddy v. Mitchell, supra; Indian Motocycle Co. v. United States, supra; Ohio v. Helvering, 292 U.S. 360, 368, 369, 54 S.Ct. 725, 78 L.Ed. 1307. The necessary protection of the independence of the state government is not deemed to go so far."

In deciding that the salary of a trustee of a railroad operating under a state public control act was not immune to federal taxation, the Court stated in Helvering v. Powers, supra, at page 227, 55 S.Ct. at page 174, that "the state, with its own conception of public advantage, is undertaking a business enterprise of a sort that is normally within the reach of the federal taxing power and is distinct from the usual governmental functions that are immune from federal taxation in order to safeguard the necessary independence of the state."

In Brush v. Commissioner of Internal Revenue, 300 U.S. 352, 57 S.Ct. 495, 81 L.Ed. 691, 108 A.L.R. 1428, the Court held that the salary of the chief engineer of the Bureau of Water Supply of the City of New York was exempt from federal taxation, concluding that [page 500] "the acquisition and distribution of a supply of water for the needs of the modern city involve the exercise of essential governmental functions." In that case the Gov-

ernment did not question the validity of the Commissioner's regulation which stated in effect that compensation received for services rendered in connection with the exercise of an essential governmental function was exempt from federal taxation. The concurring opinion of Mr. Justices Stone and Cardozo states: "We concur in the result upon the ground that the petitioner has brought himself within the terms of the exemption prescribed by Treasury Regulation 74, Article 643, which for the purposes of this case may be accepted as valid, its validity not being challenged by counsel for the government."

In Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427, the Court limited the decision in Brush v. Commissioner, supra, to the determination of the question whether the maintenance of the New York City Water Supply System was an essential governmental function of the state. The Court did not base its decision on the regulation or upon the question whether the operation of the tunnels under the New York Port Authority Act was an essential governmental function, but, discussing its prior decisions on the question of immunity from federal tax, pointed out two guiding principles of limitation for holding the tax immunity of state instrumentalities to its proper functions. "The one, dependent upon the nature of the function being performed by the state or in its behalf, excludes from the immunity activities thought not to be essential to the preservation of state governments even though the tax be collected from the state treasury." [page 975.] Under this principle, the activity here involved, namely, the maintenance of the Worcester City Hospital, is not an activity that is essential to the preservation of the state government or a political subdivision thereof.

The other principle pointed out by the Supreme Court is: "exemplified by those cases where the tax laid upon individuals affects the state only as the burden is passed on to it by the taxpayer, forbids recognition of the immunity when the burden on the state is so speculative and uncertain that if allowed it would restrict the federal taxing power without affording any corresponding tangible protection to the state government."

Applying this principle to the facts in this case, the burden of taxation imposed upon this petitioner, which is passed on by him to the state, is so speculative and uncertain as to be wholly a matter of theory and conjecture. When immunity is claimed from a tax laid on private businesses it must clearly appear that the burden upon the state functions is actual and substantial, not conjectural. Willcuts v. Bunn, 282 U.S. 216, 231, 51 S.Ct. 125, 75 L.Ed. 304, 71 A.L.R. 1260.

The defendant's motion for judgment is granted. Its requests for conclusions of law are denied, except insofar as they are consistent with the above.