68

## MEIGS v. UNITED STATES.
### · No. 6566.

District Court, D. Massachusetts.
Nov. 6, 1939.

George H. B. Green, of Hale & Dorr, of Boston, Mass., for plaintiff.

C. Keefe Hurley, Asst. U. S. Atty., of Boston, Mass. (Jas. W. Morris, Asst. Atty. Gen., Andrew D. Sharpe and Paul S. Mc-Mahon, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., of Boston, Mass., on the brief), for the United States.

SWEENEY, District Judge.

This is an action to recover income taxes alleged to have been illegally assessed and collected. All payments, returns, claims for refund and other action prerequisite to this suit have been duly made and filed in due season, and the proper time has elapsed after the filing of such claims to enable the plaintiff to sue. The plaintiff contends that compensation received by him from the Pondville State Cancer Hospital was not taxable under the Revenue Act since the hospital was an agency or instrumentality of a State or a political subdivision thereof engaged in an essential governmental function. His second contention is that the Public Salary Tax Act of 1939 exempts such compensation from taxation for all years prior to January 1, 1939.

A stipulation of facts, entered into by both parties, has been filed and is adopted by the court as part of its findings of fact. Oral testimony was taken in addition thereto.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions as rulings of law, in accordance with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

During the period in question the plaintiff was ·a gynecologist rendering service to the patients of the Pondville Hospital on Tuesday of each week.at an annual salary. He also served as a gynecologist on the staff of one or two other hospitals in the City of Boston, and had an extensive private practice. In rendering service at the Pondville Hospital the plaintiff was assisted by a Dr. Parsons, and under an arrangement between the two of them, one was in attendance at the hospital for a half day on Tuesday of each week. The hospital did not

control, nor was it consulted, with regard to this arrangement. The plaintiff was the senior gynecologist, and had the final say as to the course and kind of treatment to be given in any individual case. He was answerable to the chief of staff and to the superintendent of the hospital for keeping the gynecological service up to a proper standard, but neither of these officers exercised any dominion over him as to the method and type of treatment that was to be accorded to any patient.

Prior to 1931 he performed his services for the hospital on a fee basis with an allowance for mileage. On October 5, 1931, he was transferred to a straight salary basis of $1,200 per year which later was subjected to variations on account of the general pay adjustments put into effect throughout the State. The type of service that was rendered by the plaintiff at the hospital during the period in question was no different than the service rendered prior to October 5, 1931, when he was on a fee basis. The change was made, according to the records of the hospital, as a measure of economy. The fact that his compensation was on an annual basis during the taxable year is therefore without significance.

The plaintiff filed his return for the year 1932, and paid a tax on the net income shown therein. Subsequently when his return was audited a deficiency in the sum of $141.96 (which includes interest) was assessed against him by reason of his failure to include in his return compensation received from the Pondville Hospital. This deficiency was paid, and a claim for refund having been denied, the plaintiff has filed this action to recover it.

Establishment of the Pondville Hospital was authorized by Chapter 391 of the Acts of 1926 of the Commonwealth of Massachusetts. The preamble of the Act declares it to be an emergency measure.

The hospital renders service to all citizens of Massachusetts. When a patient is able to pay, a charge is made directly to him. When a patient is unable to pay, a charge is made either to the public welfare department of the town or city of which he is a resident, or in the case of one without a settlement, to the State. Rules and regulations are promulgated by the Department of Public Health and by the superintendent of the hospital to govern the conduct of all persons attached to the institution.

In Cook v. United States, D.C., 26 F. Supp. 253, this court ruled that a radiologist employed part time by the Worcester City Hospital was not immune from taxation since the hospital was not engaged in an essential governmental function. The facts in this case are sufficiently similar to those in the Cook case to reach a similar conclusion.

In Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427, the court commented on its continued refusal to extend the limits marked out in Collector v. Day, 11 Wall. 113, 20 L.Ed. 122. Applying the principles set out in the Gerhardt case, it is apparent that the Pondville Hospital is not engaged in an essential governmental function, nor does the taxing of this plaintiff's salary interfere with the functions of the State government so as to bring it within the reasoning of Collector v. Day, supra.

In March of this year, the Supreme Court of the United States in Graves v. New York, ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, overruled Collector v. Day, supra, insofar as it recognized an implied constitutional immunity from non-discriminating income taxation of the salaries of officers or employees of the national or state governments or their agencies or instrumentalities. Applying the reasoning in the O'Keefe case, it becomes clear that the plaintiff's salary was not immune from taxation as of the date of that decision.

However, the plaintiff relies on the Public Salary Tax Act of 1939, and says that by the terms of that Act he is granted immunity from taxation for any year prior to the calendar year 1939. Title II, Section 201(c) (3), 26 U.S.C.A. § 22 note, does grant immunity to a class of persons designated therein. That class is limited to officers or employees of a State or a political subdivision thereof, or of an agency or instrumentality of either of them.

It is the plaintiff's contention that the Public Salary Tax Act grants an immunity which did not exist under the Graves v. New York ex rel. O'Keefe, supra, decision. Such a contention is unsound. A plain reading of the Act discloses that immunity is limited to officers and employees of a State under certain conditions. The nature of the services rendered by this plaintiff to the Pondville Hospital was not that of an employee. He was an independent contractor. His contract with the hospital called for the use of judgment and discretion on his part, and he was required to use his best professional skill and judgment to bring about

the desired results. The hospital merely turned its patients over to Dr. Meigs for treatment at the institution, and about the only limitation that it placed on him was that his work should be "up to a proper standard". In all other respects he was in charge of the patients, made decisions as to the type and necessity of treatment, and exercised complete dominion over his work.

Applying the tests set out in Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384, I rule that this plaintiff was neither an officer or employee of a State or political subdivision thereof, or of an agency or instrumentality of either.

The defendant's motion for judgment is granted. The plaintiff's requests for rulings of law are denied.