## OHIO *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE, ET AL.

No. —, original. Return to Rule to Show Cause Presented April 30, 1934.—Decided May 21, 1934.

*Mr. John W. Bricker,* Attorney General of Ohio, *Mr. William S. Evatt,* and *Mr. Isadore Topper,* Assistant Attorney General, were on the brief for Ohio.

*Solicitor General Biggs, Assistant Attorney General Wideman,* and *Messrs. James W. Morris, M. H. Eustace,* and *Charles Bunn* were on the brief for defendants.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Upon the motion of complainant for leave to file a bill of complaint invoking the original jurisdiction of this court, a rule was issued directing the defendants to show cause why such leave should not be granted. Defendants, by their return to the rule, oppose the motion upon the ground, among others, that the merits have been conclusively settled against complainant by prior decision of this court.

The bill alleges that the defendant Helvering is Commissioner of Internal Revenue, and that the other defendants are collectors of internal revenue in the several internal revenue districts in the State of Ohio; that on December 22, 1933, the state legislature passed an act providing a system of control for the manufacture, sale and importation of, and traffic in, beer and intoxicating liquors within the state, and creating a state monopoly for the distribution and sale of all spirituous liquors under a department of liquor control; that the state has purchased intoxicating liquors at a cost of more than $4,500,000 for sale to permit-holders and to the public through its state stores, each of which will be entirely and exclusively state owned, managed and controlled; that the state is about to open in the various counties

one hundred and eighty-seven such state liquor stores; that defendants have threatened to, and unless enjoined by this court will, levy and collect excise taxes on the agencies and operations of the state in the conduct of its department of liquor control, and enforce against the state, its officers, agents and employees, penalties for nonpayment of taxes imposed by § 3244, R.S. (U.S.C., Title 26, § 205), and other designated statutes of the United States; that complainant is not subject to these statutes and is immune from any tax imposed thereby; and that the acts of Congress which impose such taxes do not by their terms include a state, or its officers or employees, and were not intended to do so. It is further alleged that the circumstances of the case are extraordinary and exceptional in several respects, among them being that the attempt is to tax a sovereign state; and it, therefore, is contended that the equity power of the court is properly invoked under the principles stated in *Hill* v. *Wallace,* 259 U.S. 44, 62.

The state act deals with the subject in great detail; but for present purposes the provisions set forth in the bill to which we have just referred are all that require consideration.

The provisions of the federal statutes, so far as necessary to be stated, follow:

U.S.C., Title 26, § 205 (R.S., § 3244, as amended):

"(a) *Retail liquor dealers.*—Retail dealers in liquor shall pay $25. Every person who sells or offers for sale foreign or domestic distilled spirits, wines or malt liquors otherwise than as hereinafter provided in less quantities than five wine gallons at the same time shall be regarded as a retail dealer in liquors.

"(b) *Wholesale liquor dealers.*—Wholesale liquor dealers shall each pay $100. Every person who sells, or offers for sale foreign or domestic distilled spirits, wines or malt liquors, otherwise than as hereinafter provided in quanti-

ties of not less than five wine gallons at the same time shall be regarded as a wholesale liquor dealer."

U.S.C., Title 26, § 11 (R.S., § 3140):

". . . where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, the word ' person,' as used in this title, shall be construed to mean and include a partnership, association, company, or corporation, as well as a natural person."

Putting aside various preliminary questions raised by defendants (compare *Ex parte Bakelite Corp.*, 279 U.S. 438, 448; *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420, 553), we pass at once to the fundamental question involved in the state's challenge to the validity of the tax. That challenge seeks to invoke a principle, resulting from our dual system of government, which frequently has been announced by this court and is now firmly established,—that " the instrumentalities, means and operations whereby the States exert the governmental powers belonging to them are . . . exempt from taxation by the United States." *Indian Motocycle Co.* v. *United States*, 283 U.S. 570, 575; *McCulloch* v. *Maryland*, 4 Wheat. 316, 436; *Collector* v. *Day*, 11 Wall. 113; and other cases cited in *Trinityfarm Construction Co.* v. *Grosjean*, 291 U.S. 466. But, by the very terms of the rule, the immunity of the states from federal taxation is limited to those agencies which are of a governmental character. Whenever a state engages in a business of a private nature it exercises nongovernmental functions, and the business, though conducted by the state, is not immune from the exercise of the power of taxation which the Constitution vests in the Congress. This court, in *South Carolina* v. *United States*, 199 U.S. 437, a case in no substantial respect distinguishable from the present one, definitely so held. Compare *Board of Trustees* v. *United States*, 289 U.S. 48, 59.

The *South Carolina* case arose under a state statute, which, like the one at bar, created a monopoly and prohibited the sale of intoxicating liquors except at dispen-

saries to be operated by the state. This court, while sustaining the validity of the statute and fully accepting the rule that the national government was without power to impose a tax in any form which had the effect of prohibiting the full discharge by the state of its governmental functions, held that " whenever a State engages in a business which is of a private nature that business is not withdrawn from the taxing power of the Nation." The decision sustained the identical tax provisions involved in the present case, and, therefore, we follow it as controlling.

A distinction is sought in the fact that after that case was decided the Eighteenth Amendment was passed, and thereby, it is contended, the traffic in intoxicating liquors ceased to be private business, and then with the repeal of the amendment assumed a status which enables a state to carry it on under the police power. The point seems to us altogether fanciful. The Eighteenth Amendment outlawed the traffic; but, certainly, it did not have the effect of converting what had always been a private activity into a governmental function. The argument seems to be that the police power is elastic and capable of development and change to meet changing conditions. Nevertheless, the police power is and remains a governmental power, and applied to business activities is the power to regulate those activities, not to engage in carrying them on. *Rippe* v. *Becker,* 56 Minn. 100, 111–112; 57 N.W. 331. If a state chooses to go into the business of buying and selling commodities, its right to do so may be conceded so far as the Federal Constitution is concerned; but the exercise of the right is not the performance of a governmental function, and must find its support in some authority apart from the police power. When a state enters the market place seeking customers it divests itself of its *quasi* sovereignty *pro tanto,* and takes on the character of a trader, so far, at least, as the taxing power of the federal government is concerned. Compare *Georgia* v. *Chattanooga,* 264 U.S. 472, 480–483; *U.S. Bank* v. *Planters'*

*Bank,* 9 Wheat. 904, 907; *Bank of Kentucky* v. *Wister,* 2 Pet. 318, 323; *Briscoe* v. *Bank of Kentucky,* 11 Pet. 257, 323–325; *Curran* v. *Arkansas,* 15 How. 304, 309.

We find no merit in the further contention that a state is not embraced within the meaning of the word " person," as used in U.S.C., Title 26, § 205 and defined in § 11, *supra.* By § 205 the tax is levied upon every " person who sells, etc."; and by § 11 the word " person " is to be construed as meaning and including a partnership, association, company or corporation, as well as a natural person. Whether the word " person " or " corporation " includes a state or the United States depends upon the connection in which the word is found. Thus, in *Stanley* v. *Schwalby,* 147 U.S. 508, 517, it is said that the word " person " in the statute there under consideration would include the United States as a body politic and corporate. See also *Giddings* v. *Holter,* 19 Mont. 263, 266; 48 Pac. 8; *State* v. *Herold,* 9 Kan. 194, 199. A state is a person within the meaning of a statute punishing the false making or fraudulent alteration of a public record " with intent that any person may be defrauded." *Martin* v. *State,* 24 Tex. 61, 68. Under a statute defining a negotiable note as a note made by one person whereby he promises to pay money to another person, and providing that the word " person " should be construed to extend to every corporation capable by law of making contracts, it was held that the word included a state. *Indiana* v. *Woram,* 6 Hill (N.Y.) 33, 38. And a state is a person or a corporation within the purview of the priority provisions of the bankruptcy act.* *In re Western Implement Co.,* 166 Fed. 576, 582.

---

* U.S.C., Title 11, § 104 (b)(5)—" debts owing to any person who by the laws of the States or the United States is entitled to priority." This construction is explicitly adopted by the amendment of May 27, 1926, c. 406, § 15, 44 Stat. 666; U.S.C., Supp. VII, Title 11, § 104 (b)(7).

Compare *In re Jensen,* 59 N.Y.Supp. 653, 655; *Bray* v. *Wallingford,* 20 Conn. 416, 418; *County of Lancaster* v. *Trimble,* 34 Neb. 752, 756; 52 N.W. 711; *Rains* v. *City of Oshkosh,* 14 Wis. 372, 374; 1 Black. Comm. 123.

In the *South Carolina* case this court disposed of the question by holding that since the state was not exempt from the tax, the statute reached the individual sellers who acted as dispensers for the state. While not rejecting that view, we prefer, in the light of the foregoing examples, to place our ruling upon the broader ground that the state itself, when it becomes a dealer in intoxicating liquors, falls within the reach of the tax either as a " person " under the statutory extension of that word to include a corporation, or as a " person " without regard to such extension. The motion for leave to file the bill of complaint, accordingly, is

*Denied.*

MR. JUSTICE STONE concurs in the result.