**WILLIAM C. POPPER & CO. v. PENNSYL-VANIA LIQUOR CONTROL BOARD et al.**

**No. 9267.**

District Court, E. D. Pennsylvania.

April 28, 1936.

Zachary T. Wobensmith, 2d, and James C. Wobensmith, both of Philadelphia, Pa., for plaintiff.

Thomas I. Guerin, Sp. Deputy Atty. Gen., and Charles J. Margiotti, Atty. Gen., for defendants.

KIRKPATRICK, District Judge.

This is a suit for patent infringement. The plaintiff is a New York corporation. The defendant is the Pennsylvania Liquor Control Board, sued as a body and not as a group of individuals, although the names of the members are added to the caption. The defendant has moved to dismiss.

The Eleventh Amendment to the Constitution divests the courts of the United States of jurisdiction of suits against any state by citizens of another state. It was originally held that the Eleventh Amendment was limited to suits in which the state was a party to the record. That rule was, however, broadened, and it is now settled that the Amendment applies to all cases in which the state is a real, even though not a nominal, party defendant. In re Ayers, 123 U.S. 443, 8 S.Ct. 164, 31 L.Ed. 216; Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535.

I hold that the state of Pennsylvania is the real party defendant in the present suit. It requires little more than a reading of the Pennsylvania Liquor Control Act (47 P.S.Pa. § 744—1 et seq.) to reach the conclusion that the state of Pennsylvania is engaged in the liquor business and that the Liquor Control Board is not a private entity in which the state holds a controlling interest, but is a governmental agency by means of which the state has entered upon and controls the business of selling liquor.

The question raised therefore has to do solely with the jurisdiction of this court. The Eleventh Amendment provides for no exceptions. In view of its terms the only way in which a suit against a sovereign state can be maintained is by its own consent or waiver. The state of Pennsylvania has not expressly consented to be sued in this action.

The only question left is whether by engaging in the business of buying and selling commodities it has impliedly consented to be sued in respect of commercial transactions and acts incident to the conduct of the business in which it is engaged. My attention has been called to no decision which so rules.

Ohio v. Helvering, 292 U.S. 360, 54 S. Ct. 725, 78 L.Ed. 1307, has nothing to do with the question of jurisdiction and the Eleventh Amendment. In that case the state of Ohio was the plaintiff and moved to file its own bill of complaint invoking the original jurisdiction of the Supreme

Court. What was decided was that a state, in entering the liquor business, divests itself of its sovereignty so far as the *taxing power* of the federal government is concerned.

Numerous cases holding that municipal corporations may be sued in the federal courts are based upon the theory that such bodies are corporations created by the state, only remotely parts of the state, and that a suit against one of them is not really a suit against the state. See Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766.

Of course this opinion has no bearing upon the question of suits against individual officers or agents of the state or torts committed by them in connection with the conduct of the state's business.

I am of the opinion that this court has no jurisdiction of the present suit, and the bill may be dismissed.