NED R. HARMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 79509. Promulgated June 2, 1936.

*Ned R. Harman* pro se.
*James H. Yeatman, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner regarded the $4,200 salary as
exempt, but included the $5,848.30 transcript charges in the peti-
tioner's gross income and allowed him the deduction of the expenses
paid in connection with it. The petitioner contends the entire
amount is constitutionally immune from Federal tax. He regards
himself as wholly an employee of the state, and his income of both
classes as equally derived for the performance of his official statu-
tory function, irrespective of the fact that the fees were not received
from the state, but from others.

The question has never been presented for decision, although in
*Victor G. Marquissee*, 11 B. T. A. 334; affd., *sub nom. Lewis* v. *Com-
missioner*, 47 Fed. (2d) 32, such fees of official state court reporters
were tacitly recognized as properly taxable. This, in our opinion,
is the correct view. By statute in New York, the petitioner, if
called upon by a party for a copy of the transcript, is required
to furnish it at a charge of not more than 10 cents per folio, unless
by voluntary agreement a higher charge is fixed; but such charges

can not be regarded strictly as compensation derived from the state or for services performed for the state. The fact that they are regulated by the state makes them no less the subject of private arrangement, even though the petitioner is required, upon proper demand, to supply the transcripts. In this respect, he is in no different situation from carriers or innkeepers, who are under control of the state, are required to perform services and supply materials upon demand, and are limited in the charges which they may make therefor. Whether in fact to subject this income to Federal tax operates to the detriment of the state, can not be found from the evidence in this record, cf. *Bew* v. *United States*, 35 Fed. (2d) 977, nor can it be said that such inference is *a priori* so clear that it may be taken as a matter of law, cf. *Miller* v. *McCaughn*, 27 Fed. (2d) 128. The Commissioner's determination is sustained.

*Judgment will be entered for the respondent.*