CLARENCE M. FREEDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79424. Promulgated August 19, 1936.

*J. W. Townsend, Esq.*, for the petitioner.
*R. N. McMillan, Esq.*, for the respondent.

959

OPINION.

ARUNDELL: This case involves the application of the principle of immunity of state instrumentalities from Federal taxation. As Mr. Chief Justice Hughes puts it in *Willcuts* v. *Bunn*, 282 U. S. 216, 225:

The familiar aphorism is "that as the means and instrumentalities employed by the General Government to carry into operation the powers granted to it are exempt from taxation by the States, so are those of the States exempt from taxation by the General Government". *Ambrosini* v. *United States*, 187 U. S. 1, 7.

Many of the recent cases involving this principle carefully point out, in juxtaposition with the statement of it, its limitations. "The limitation of this principle to its appropriate applications is also important to the successful working of the governmental system." *Willcuts* v. *Bunn, supra.* "It is a principle implied from the necessity of maintaining our dual system of government. * * * Springing from that necessity it does not extend beyond it." *Board of Trustees of the University of Illinois* v. *United States,* 289 U. S. 48, 59. "Of course, the reasons underlying the principle mark the limit of its range." *Indian Motocycle Co.* v. *United States,* 283 U. S. 570. "This Court, in drawing the line which defines the limits of the powers and immunities of state and national governments, is not intent upon a mechanical application of the rule that government instrumentalities are immune from taxation, regardless of the consequences to the operations of government." *Educational Films Corporation* v. *Ward,* 282 U. S. 379, 391.

The immunity question has many facets and in this case the parties are at odds on nearly all of them. They argue the questions of whether petitioner was either an officer or employee of the state; whether his services were rendered in connection with the exercise of an essential governmental function; the materiality of the source of his compensation; and whether the tax will result in any burden on the state.

Our conclusion, based on reasons hereinafter given, is that the $3,000 compensation received by the petitioner in 1932 is not exempt from taxation by the Federal Government.

In the first place, we are not satisfied that petitioner can properly be classified as an employee of the Commonwealth of Pennsylvania. The facts are that in 1932 the petitioner, while appointed and supervised by the attorney general, was actually performing the duties of counsel for the liquidator for a group of banks in the Philadelphia area. The duties performed, as set out in the findings of fact, were those that would usually be performed by an attorney for a liquidator or receiver of insolvent corporations. These duties did not require all of his time, but left him free to follow his profession in private practice, which he did, resulting in income of $2,700 from outside sources. These considerations leave considerable doubt as to whether it can be said that petitioner was an employee of the commonwealth in the usually accepted sense of the term. His relation with the secretary of banking appears to be that of attorney and client rather than that of employee and employer.

The basic ground for denying the petitioner's claim to immunity from tax, however, is that the source of his income precludes any possibility of a burden on the state resulting from a tax thereon. We do not think it can seriously be urged that petitioner was compen-

sated by the state merely because his checks were issued by the officers of the state, as the fact is that both by statute and in actual practice the source of his compensation was the assets of the several banks in the process of liquidation. These assets were not public funds as are taxes; they were not susceptible of appropriation by the legislature for general public use; they were private property being administered by the secretary of banking in a fiduciary capacity. Therefore, if any burden falls elsewhere than on petitioner, it is on those banks or their creditors, for whose benefit the petitioner was acting, rather than on the state. We held in *Ned R. Harman*, 34 B. T. A. 654, that fees received by a statutory court reporter from litigants for transcripts of stenographic records are not exempt from tax because they are not paid by the state itself and no burden on the state was shown. Similarly, it has been held that the compensation of an auditor appointed by the Orphans' Court in Pennsylvania to report on the financial condition of corporations applying as sureties on bonds tendered to the court was taxable since it was paid out of deposits made by the surety companies for that purpose with the clerk of the court, and was not paid by the state itself. *Miller* v. *McCaughn*, 22 Fed. (2d) 165; affd., 27 Fed. (2d) 128. The District Court in that case pointed out that the "moneys paid are never in any sense public moneys" and held:

The compensation must not merely come to a state officer or employee, but it must come to him from the state, to be exempt. Unless this second line is drawn, and drawn where we have drawn it, it is difficult to determine where it should be drawn. A moment's thought will bring to mind scores of instances in which the recipient might well be held to be such "officer or employee," but in which the compensation does not come directly or indirectly from the state, otherwise than in the sense that he would not be in the enjoyment of it, were it not for the relation of officer or employee of the state which he enjoys.

The Circuit Court of Appeals for the Third Circuit, affirming the District Court, held that the taxpayer could not be regarded as an officer or employee of the state and also emphasized the lack of any burden on the state, saying:

The exemption of state employees from federal income tax rests on the ground that the agencies the state employs in government should not be burdened by federal taxes, which would lessen the state's power to employ, and compel it to pay more for the services of its employees. But no such reason exists in the case of this examiner. No power of the state is crippled or lessened by his paying tax on his income. Neither the state nor the court pay Mr. Miller.

Following the Third Circuit in the *Miller* case, the Board held, as one of the grounds for denying exemption in two cases decided by memorandum opinions, that no burden resulted to the state from taxation of compensation received from a source other than the state. *Robert S. Spangler*, Docket No. 46386 (1933); *Charles A.*

*Roberts*, Docket No. 74214 (1934). In the *Spangler* case, the taxpayer was a "special attorney" appointed by the commissioner of banking of the State of Pennsylvania to represent him in the liquidation of a state bank and his compensation was paid out of the assets of the bank, and in the *Roberts* case the taxpayer was an attorney appointed by the superintendent of banks of the State of New York to assist in the liquidation of a trust company, his compensation being paid by the bank in liquidation. To the same effect see Mim. 3838, dated January 17, 1936, I. R. Bulletin XV, No. 5. Following the above cases it must be held here that the petitioner's compensation was not exempt from tax.

The petitioner advances the view that, once he has established himself to be an officer or employee of the state engaged in performing a governmental function, his immunity from Federal taxation is absolute, irrespective of the source of his compensation or of any other consideration. In view of the disposition that we have made of the petitioner's premise it is unnecessary to decide this matter, but it is worthy of brief note. The petitioner's contention is based on expressions in some of the cases to the effect that where the principle of immunity applies it is absolute and is not affected by the amount of tax or the extent of the resulting interference. Cf. *Indian Motocycle Co.*, *supra*. This contention, often urged in tax cases, has its genesis in the apprehension expressed in *McCulloch* v. *Maryland*, 4 Wheat. 316, in the maxim that "The power to tax is the power to destroy." The cases quoted at the outset of this opinion establish that the courts are not stampeded into broadly granting exemption by the quotation of the *McCulloch* maxim. On the contrary, they inquire into all the facts and circumstances of the case. They inquire into whether an officer or employee is engaged in an essential governmental function, *Helvering* v. *Powers*, 293 U. S. 214; *Brush* v. *Commissioner*, 85 Fed. (2d) 32; *Ohio* v. *Helvering*, 292 U. S. 360; whether the tax works any substantial interference with governmental functions, *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; or whether it exerts but a remote influence, *Willcuts* v. *Bunn*, 282 U. S. 216; *Brush* v. *Commissioner*, *supra*. They also inquire, as we have here, into the source of the funds taxed, *Miller* v. *McCaughn*, *supra*. These cases indicate that the so-called rule of absolute immunity is not so broad in its application as is indicated by a literal reading of the words apart from the context of the case in which they are used. They also establish the right of inquiry into all matters affecting petitioner's employment, including that of the source of the funds from which he receives his compensation.

In view of the conclusion we have reached we do not deem it necessary to discuss other arguments advanced.

*Decision will be entered for respondent.*