ROBERT MCCARTHY BULLINGTON AND BESSIE B. BULLINGTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89806. Promulgated October 7, 1938.

*Abram P. Staples, Esq.,* for the petitioners.
*J. W. Smith, Esq.,* for the respondent.

---

[4] Revenue Acts of 1932 and 1934, secs. 25 (a) (1) and 163 (b).

OPINION.

MURDOCK: The parties have stipulated that A. B. C. is an agency of the state. The petitioner was an officer of the state. He concedes that the conduct of the state stores and all activities incidental to the merchandising done by A. B. C. was a proprietary function rather than an essential governmental function. But he contends that all other functions of A. B. C. were essential governmental functions involving an exercise of the police power of the state, including not only important administrative powers but also judicial and legislative powers, the kind of powers which none but the sovereign state could exercise.

It is well settled, as the petitioner concedes, that the sale of liquor by a state is not the exercise of an essential governmental function and does not relieve the salaries of officers engaged in the work from Federal income tax. *South Carolina* v. *United States*, 199 U. S. 437; *Ohio* v. *Helvering*, 292 U. S. 360; *Helvering* v. *Powers*, 293 U. S. 214; *Helvering* v. *Gerhardt*, 304 U. S. 405. The liquor business conducted by A. B. C. was not merely incidental to its regulatory functions, as the petitioner contends. It was an important part of the work of A. B. C. It accounted for a large part of the personnel of the organization and for a large part of the revenue produced. It occupied a substantial part of the time of the board members. If those board members had been employed and paid separately for their work in connection with this proprietary business, their salaries would have been subject to income tax. Their compensation for that work can not escape tax merely because it is an undisclosed part of their total compensation for that work and also for other work in connection with an essential governmental function. The petitioner has not cited any authority to the contrary. The case of *Powers* v. *Commissioner*, 68 Fed. (2d) 634, cited by the petitioner, was reversed, 293 U. S. 214, *supra.*

The Supreme Court has repeatedly held, however, that those agencies through which the states immediately and directly exercise their sovereign powers are indispensable to the continued existence of the state and are of necessity immune from the taxing power of the Federal Government. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514; *Board of Trustees* v. *United States*, 289 U. S. 48. Furthermore, the immunity seems to extend to the salaries of state officers engaged in

the exercise of such essential governmental functions, even though a limitation may arise in the case of compensation of some others where no real direct burden is placed upon the state by the incidence of the tax. *Collector* v. *Day*, 11 Wall. 113; *New York, ex rel. Rogers* v. *Graves*, 299 U. S. 401; *Dobbins* v. *Commissioners of Erie County*, 41 U. S. 435; *Helvering* v. *Gerhardt, supra*. Cf. *Willcuts* v. *Bunn*, 282 U. S. 216. The exercise of the police power is an essential governmental function. *Ambrosini* v. *United States*, 187 U. S 1; *Ohio* v. *Helvering, supra*.

A. B. C. exercised an essential traditional governmental function in regulating and controlling the liquor business as carried on by others in the state. The salary received by the petitioner for his services in that connection is immune from Federal income tax.

Thus a part of the petitioner's salary is subject to the tax, while the remainder is immune. It is important that a part be taxed and it is equally important that a part be left untaxed. The question is, How much is immune? The respondent in his brief concedes that an allocation would be proper, provided the evidence shows how much of the total compensation should be allocated for proprietary and how much for governmental services. It has been said that practical considerations are extremely important in the field of taxation and that the Board must make a reasonable determination where some approximation is necessary. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540; *Helvering* v. *Taylor*, 293 U. S. 507. This seems to be such a case. The petitioner made the best approximation within his ability when he said that his time was divided upon about a four to one basis. One-fifth of his salary may therefore be included in his taxable income.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

DISNEY concurs only in the result.

ARUNDELL, STERNHAGEN, SMITH, BLACK, TURNER, and OPPER, dissent.