**BURKE v. RAILROAD RETIREMENT BOARD.**

No. 9594.

United States Court of Appeals District of Columbia.

Argued Nov. 21, 1947.

Decided Dec. 29, 1947.

Mr. George L. Hart, Jr., of Washington, D. C., with whom Mr. Arthur G. Lambert, of Washington, D. C., was on the brief, for petitioner.

Mr. Louis Turner, of Chicago, Ill., of the Bar of the State of New York, pro hac vice, by special leave of Court, with whom Messrs. Myles F. Gibbons, General Counsel, Railroad Retirement Board, and David B. Schreiber, Associate General Counsel, Railroad Retirement Board, both of Chicago, Ill., were on the brief, for respondent. Mr. Bertram M. Landesman, of Washington, D. C., also entered an appearance for respondent.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

PER CURIAM.

This is a petition for review of a decision of the Railroad Retirement Board. 52 Stat. 1100, § 5(f), 45 U.S.C.A. § 355(f), as amended, 60 Stat. 738, § 314, 45 U.S.C.A. § 355(f). The decision requires petitioner to repay a retirement annuity which, the Board found, had been erroneously paid. In his application for the annuity, petitioner stated to the Board that he had "not worked for any other person, institution, or company for compensation" since he left railroad service. He was in fact employed as an assistant clerk of the Orphans' Court of Allegheny County, Pennsylvania. We have two questions for decision. (1) Was petitioner's employer a "person" within the meaning of § 2(a), (b), and (d) of the Railroad Retirement Act, 50 Stat. 309, 310, 45 U.S.C.A. § 228b? [1] We think the Board was right in answering this question in the affirmative. Section 1(n) of the Act, 50 Stat. 309, 45 U.S.C.A. § 228a(n), defines "person" as meaning "an individual, a partnership, an association, a joint-stock company, or a corporation." Where, as here, the context and purpose require, the statutory term "person," as defined to include "corporation," includes a governmental body. Ohio v. Helvering, 292 U.S. 360, 54 S.Ct. 725, 78 L.Ed. 1307; Georgia v. Evans, 316 U.S. 159, 62 S.Ct. 972, 86 L.Ed. 1346. (2) Did

[1] Amended in respects not material here, 60 Stat. 727, 728, 45 U.S.C.A. § 228b.

the evidence before the Board require it, as a matter of law, to find that petitioner was without fault in obtaining annuity payments and that recovery of them from him would be contrary to the purpose of the Act or would be against equity or good conscience? 54 Stat. 1100, § 26, 45 U.S.C.A. § 228i(c). Though the evidence might perhaps have supported findings in petitioner's favor on these points, if the Board had made such findings, it clearly supports the findings adverse to him which the Board has made.

Affirmed.