## Federal Garnishment of State Debts

HARRY J. RUBIN, Deputy Attorney General, August 27, 1956.—The Federal Internal Revenue Service has levied upon accounts payable by the Commonwealth to vendors who owe Federal taxes. The service also has indicated that it intends to levy upon refunds due to taxpayers from the Board of Finance and Revenue of the Commonwealth. The question arises as to whether or not the Commonwealth should honor these levies.

The Internal Revenue Code of August 16, 1954, 26 U. S. C. §6332(a), 68 A. Stat. at L. 784, states as follows:

"Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."

Failure to comply with this subsection makes the person liable to the United States for the amount of

the property or rights, but not exceeding the amount of tax due, plus interest.

"Person" is defined as follows:

"The term 'person' shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation": Int. Rev. Code of Aug. 16, 1954, 26 U. S. C. §7701(a)(1), 68 A. Stat. at L. 911.

"The term 'person', as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to property, or to discharge the obligation": Int. Rev. Code of Aug. 16, 1954, 26 U. S. C. §6332(c), 68 A. Stat. at L. 784.

Immediately, the question arises as to whether or not a State is included within the meaning of the word "person." If it is not a "person" under section 6332 of the code, then obviously it is not required to honor the levies made by the Federal Government.

The Internal Revenue Service has referred to several cases to support its position that a State is a "person." However, each of them can be distinguished. In United States v. City of New York, 12 F. Supp. 169 (S. D. N. Y., 1935); the court assumed that a municipal corporation (here, the city of New York) was a "person" without any discussion. Even if that assumption be accepted as correct, the status of a State is not necessarily equivalent to that of a municipal corporation.

South Carolina v. United States, 199 U. S. 437 (1905), and Ohio v. Helvering, 292 U. S. 360 (1934), both involved State liability for the Federal license tax imposed upon every "person" engaged as a retail dealer in liquor. While the direct question was avoided in the former case by a holding that the individual

sellers were liable as agents for the State, the question was considered in the latter case. The court held that where a State becomes a liquor dealer it is a "person" within the meaning of the statute. In both cases the States were held liable for the tax since they were not engaging in a governmental function. Georgia v. Evans, 316 U. S. 159 (1942), held that a State was a "person" within the meaning of section 7 of the Sherman Act permitting an injured "person" to recover treble damages.

Finally, in United States v. Graham, 96 F. Supp. 318 (S. D. Cal. 1951), affirmed per curiam sub nom. State of California v. United States, 195 F. 2d 530 (9th cir., 1952), cert. denied 344 U. S. 831 (1952), the Federal district court held, in part, that the State was a "person" under section 7403 (b) of the code. This section provides for enforcement of a Federal lien through civil action by the Attorney General regardless of whether or not a levy has been made and requires that all "persons" having liens upon or any interest in the property involved be made parties to the action.

In none of the cited cases, except the last, is the analogy with the present case germane. As stated by the court in Ohio v. Helvering, supra: "Whether the word 'person' or 'corporation' includes a state or the United States depends upon the connection in which the word is found."

The position of a municipal corporation and the status of a State either as a liquor dealer or a wronged plaintiff under the Sherman Act are not the same as that of a State under the Internal Revenue Code. Garnishment of the State involves an action against it in the course of its governmental function, not a private one. Even the Graham case did not involve the State's liability under the levy provision, but rather

its susceptibility to being joined in a suit to enforce a lien.

While the Graham case was concerned with a provision of the Internal Revenue Code, we feel that its holding that the State is a "person" under section 7403 of the code is not applicable to the instant situation. Considering the facts that the Commonwealth is here pursuing one of its governmental activities and that Congress has not seen fit to amend the tax laws over the years specifically to include a State within the definition of "person", it is our opinion that the Commonwealth is not a "person" under section 6332(a) of the Internal Revenue Code and is not obligated to abide by its provisions.

In view of this conclusion that the Commonwealth is not a "person" under section 6332(a) of the code, it is unnecessary to consider the further question of whether, in any event, the Commonwealth is liable in garnishment proceedings. You are advised that levies served on the State Treasurer upon accounts payable to vendors by the Commonwealth and upon refunds due from the Board of Finance and Revenue should not be honored.