**UNITED STATES of America, Appellant,**

v.

**STATE ROAD DEPARTMENT OF State of FLORIDA, Appellee.**

**No. 17066.**

United States Court of Appeals Fifth Circuit.

May 16, 1958.

Charles K. Rice, Asst. Atty. Gen., Carter Bledsoe, Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D, C., Edith House, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellant.

Charles T. Boyd, Jr., Jacksonville, Fla., Richard B. Austin, Tallahassee, Fla., Ross H. Stanton, Jr., Resident Atty., Tallahassee, Fla., State Road Department of the State of Florida, for appellee.

Jennings P. Felix, Seattle, Wash., John J. O'Connell, Atty. Gen., Paul L. Adams, Atty. Gen., Samuel J. Torina, Sol. Gen., Lansing, Mich., T. Carl Holbrook, William D. Dexter, Asst. Attys. Gen., amici curiae.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal presents the question whether the Federal Transportation Tax is applicable to transportation furnished to highway-using vehicles as a part of the state highway system of a ferry operated for a charge by the Florida State Road Department.

The statutes in question are Sections 4271, 4272, 4291 and 6672, of the Internal Revenue Code of 1954, as follows:

"§ 4271. Imposition of tax.

"(a) Property other than coal.— There is hereby imposed upon the amount paid within or without the United States for the transportation of property, except coal, by rail,

motor vehicle, water, or air from one point in the United States to another, a tax equal to 3 percent of the amount so paid.

\* \* \* \* \* \*

"(d) By whom paid.—The taxes imposed by this section shall be paid by the person making the payment subject to the tax." 26 U.S.C. 1952 ed., Supp. II, Sec. 4271.

"§ 4272. Exemptions.

"(a) Not in business for hire.— The tax imposed under section 4271 shall apply only to amounts paid to a person engaged in the business of transporting property for hire, including amounts paid to a freight forwarder, express company, or similar person, but not including amounts paid by a freight forwarder, express company, or similar person for transportation with respect to which a tax has previously been paid under such section.

\* \* \* \* \* \*

"(e) Post Office Department.— The tax imposed by section 4271 shall not apply to amounts paid to the Post Office Department for the transportation of property." 26 U. S.C. 1952 ed., Supp. II, Sec. 4272.

"§ 4291. Cases where persons receiving payment must collect tax.

"Every person receiving any payment for facilities for services on which a tax is imposed upon the payor thereof under this chapter, shall collect the amount of the tax from the person making such payment, \* \* \*." 26 U.S.C. Sec. 4291.

"§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax.

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law,' be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable." 26 U.S.C. 1952 ed., Supp. II, Sec. 6672.

For the purpose of this appeal it is agreed that the appellee Road Department operates a ferry near the mouth of the St. Johns River near Jacksonville, Florida, which is an essential link in the state highway A1A from Key West to Fernandina, Florida. It charges for the services according to classifications of vehicles from bicycles to trailer tractors. It has collected substantial fares during the years in question and has failed to collect from the users of the ferry the 3 percent tax and has thus failed to pay such tax to the United States.

It appears from briefs permitted to be filed as amici curiae by the States of Michigan and Washington that similar situations exist in those two states and perhaps in others. The states contend that such ferry service is rendered by the state as traditionally and historically a fundamental governmental function of maintaining a system of state highways, and that in rendering this service the state is not "a person engaged in the business of transporting property for hire." In its pleadings and motion for summary judgment the State Road Department did not contend that the application of this tax to this function would be violative of the federal constitution. However, as an aid to the construction of the statute and an understanding of the intent of Congress in Section 4272 dealing with exemptions, the State asserts that to construe the language in a manner that would comprehend state instrumentalities would be to make it void because unconstitutional.

The trial court held on appellee's motion for summary judgment that the State Road Department was included in the exemption and ordered the action dismissed. The United States concedes

that the case was ripe for summary judgment, but argues that the government should have prevailed.

We think we do not come to the question whether the federal government could constitutionally tax the users of this state-owned ferry, because we agree with the learned district judge that Congress did not attempt to do so in the law now before us.

Much has been said in prior cases, Helvering v. Gerhardt, 304 U.S. 405, 58 S.Ct. 969, 82 L.Ed. 1427; Allen v. Regents of University, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448; Wilmette Park District v. Campbell, 338 U.S. 411, 70 S.Ct. 195, 94 L.Ed. 205; State of New York v. United States, 326 U.S. 572, 66 S.Ct. 310, 90 L.Ed. 326, and in the briefs in this case as to the extent to which the constitutional limitation on the power of the federal government to tax state instrumentalities still exists. However, we think the significance of drawing a distinction between a truly governmental function and a proprietary activity lies in its relevance to an effort to interpret the exemption section of this act rather than serving as a touchstone to constitutionality.

Here, it must be conceded that the building and maintenance of a system of state roads is essentially a governmental function. It being further conceded that this ferry is an integral part of the state road system (without it travellers on highway A1A would be required to travel 20 miles upriver to the nearest bridge and twenty miles back downriver to the continuation of this road across the river) it cannot be said, we think, that the Department of Roads in operating the ferry is "a person engaged in the business of transporting property for hire." The Road Department is here not engaged (assuming it to be "a person" within the contemplation of the statute, which is quite doubtful), in any business. It is engaged in performing an essential governmental service of operating a system of state roads.

 In light of the present day state of the cases, we do not doubt the power of Congress to tax non-discriminatorily many activities in which a state may engage. It is equally clear, however, that Congress can exempt the state from the burden of taxes that otherwise fall uniformly on others. Construing the language of this exemption section as best we can, we conclude that Congress recognized that there would be persons or entities that charged for transportation of property not "engaged in the business of transporting property for hire." Otherwise there would be no need for Section 4272 at all. We think the State Road Department is such an entity.

The judgment is affirmed.