Thomas F. **DAVENPORT**, Sr., Petitioner,

v.

**RAILROAD RETIREMENT BOARD,**
**Respondent.**

No. 71–1832.

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1972.

**186**

Manley F. Brown, Macon, Ga., for petitioner.

Myles F. Gibbons, Gen. Counsel, R.R.
B., Washington, D. C., Dale G. Zimmerman, Atty., R.R.B., Chicago, Ill., David
B. Schreiber, Associate Gen. Counsel, R.
R.B., for respondent; Louis Turner,
Asst. Gen. Counsel, R.R.B., Chicago, Ill.,
of counsel.

Before WISDOM, COLEMAN and
SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The Railroad Retirement Board
(Board) denied the application of Thomas F. Davenport, Sr., (Davenport) for
an annuity under the provisions of the
Railroad Retirement Act of 1937 (Act),
as amended (Title 45, U.S.C., § 228a et
seq.), for the sole reason that at the
time of his application Davenport was
serving as an elected alderman of the
City of Macon, Georgia. We find ourselves compelled by the language of the
statute and by its legislative history to
uphold the denial of Davenport's
application.[1]

On August 6, 1969, Davenport filed an
application for an annuity in which he
stated that he was born July 12, 1904,
and that he had worked for the Southern Railway Company and the Central of
Georgia Railway Company since 1919.
His last railroad employment was in November 1967, as an assistant agent.
From December 1967 to August 1, 1969,
Davenport worked for an individual as
an "attendant" for average weekly
wages of $20.00. At the time of the application, he was serving in his third
four-year term as an elected alderman of
the City of Macon, Georgia, a position
which he still holds. As an alderman,
Davenport is not eligible for the pension
and retirement plans applicable to city
employees and is not subject to supervision and control or to discharge by any

---

1. Jurisdiction to review the decisions of the Board is conferred upon this Court by Title 45,
U.S.C., § 228k.

official of the City of Macon. Social security deductions are not made from his salary, which amounts to twenty-four hundred dollars ($2400.00) per year.

The Board determined that Davenport was not eligible for an annuity under the Act because, at the time of his application (shortly after his sixty-fifth birthday), he was rendering "last person" compensated service. According to the Board, the disqualifying nature of "last person" compensated service is derived from two related statutory provisions, Sections 228b(a)[2] and 228b(d)[3], Title 45, United States Code.

In denying Davenport's application, the Board took the position that he was rendering compensated service to the City of Macon on the date before his annuity began to accrue (his sixty-fifth birthday) and that he could not receive benefits under the Act until he irrevocably severed all his official ties with the City. The Board reasoned that it would be unfair to permit Davenport to receive an annuity while he served as an elected official of the City of Macon (both before and after his sixty-fifth birthday) while denying it to those who work in an appointive capacity for a governmental entity (both before and after the sixty-fifth birthdays).

In his petition for review of the Board's decision, Davenport advances three arguments for reversal:

1. He is not an "employee" of the City of Macon and is therefore not disqualified from receiving an annuity under the Act;

2. The application of the "last person" compensated service rule to Davenport places an unconstitutional burden upon his right to run for elected public office; and

3. The Board erred in refusing to supplement the record, as requested by Davenport, to show what other public officials have received as salaries while getting annuity payments under the Act.

■ We believe it settled law that the City of Macon, Georgia, constitutes a "person" within the meaning of § 228b, Title 45, U.S.Code. Burke v. Railroad Retirement Board, 1949, 83 U.S.App.D.C. 40, 165 F.2d 24. The statute is ambiguous in that it refers at several points to "employer" and "employed" while setting out the concept of "last person" compensated service. Nevertheless, we believe that the focus of the Act is upon the fact of the rendition of compensated service to a person. Our construction of the statute is buttressed by Chief Judge Biggs' discussion of the legislative history of § 228b in United States v. Bush, 3 Cir. 1958, 255 F.2d 791. The *Bush* opinion determined that Congress arrived at a compromise by its use of the "last person" rule under which benefits would be denied to applicants still working for the same person on the first date of eligibility for benefits, but would be extended to those working for a different person after that date. 255 F.2d at 793–794.

■ To overturn the Board's decision in this case, it would be necessary for us to hold that the sum of twenty-four hundred dollars per year (Davenport's salary as an alderman) was never intended by Congress to be significant enough to trigger the deprivation of annuity benefits or that Congress never intended the term "compensated service"

---

2. Title 45, U.S.C. § 228b(a):

"The following-described individuals, if they shall have been employees on or after the enactment date, and shall have completed ten years of service, shall, subject to the conditions set forth in subsection (b)–(d) of this section, be eligible for annuities *after they shall have ceased to render compensated service to any person, whether or not an employer as defined in* section 228a(a) *of this title* . . . ." (Emphasis supplied)

3. Title 45, U.S.C., § 228b(d):

"No annuity shall be paid with respect to any month in which an individual in receipt of an annuity hereunder shall *render compensated service to an employer or to the last person by whom he was employed prior to the date on which the annuity began to accrue.*" (Emphasis supplied)

to include the salary of an elected official of a city government. We believe that the statutory language and its legislative history (as illuminated in the *Bush* opinion) stand in the way of either holding. We hold that Davenport's occupancy of the post of alderman of the City of Macon, Georgia, constitutes "compensated service", thereby rendering him ineligible for an annuity under the Act.

 We find unpersuasive Davenport's argument that depriving him of his annuity for so long as he holds his position as alderman places an unlawful condition upon his constitutional privilege to run for and hold public elected office. Davenport is perfectly free to seek election to an office of the state or federal government, as well as to an office of a municipal entity other than the City of Macon. The fact that Davenport is faced with a difficult choice between his post as an alderman and his annuity under the Act does not amount to the imposition of an unconstitutional condition upon his privilege to seek election to public office.

Davenport's final argument is that in the past the Board has granted benefits under the Act to elected public officials and that the Board committed prejudicial error in barring him from discovery of the identities of those people. The Board's response is that in those cases where it did award annuities to elected public officials their compensation was so small as to be *de minimis*; but that $2400 per year is far from the *de minimis* level. While we are unable to locate any statutory authority for the Board's grant of an annuity in a *de minimis* situation, we believe the Board's refusal to permit the requested discovery was not prejudicial error because the salary of $2400 per year (particularly when considered from the perspective of poorly educated former railroad workers of advanced age and slender savings) is a significant one.

In conclusion, without comment upon the social policy embodied in Section 228b, Title 45, U.S.Code, we agree with the Board's construction of the Act as applied to this case. The Petition for Review is

Denied.